GIRARD TRUST COMPANY, A CORPORATION, TRUSTEE UNDER THE WILL OF JOHN J. FERRECK, DECEASED, *Appellant*, v. TAMPASHORES DEVELOPMENT COMPANY, A CORPORATION, ET AL., *Appellees*.

Division B.

Opinion Filed June 6, 1928.

*Knight, Thompson & Turner,* for Appellant;

*McMullen, Worth & Draper* and *Guss Wilder,* for Appellees.

BUFORD, J.—In this case the Girard Trust Company, a foreign corporation, Trustee under the will of John J. Ferreck, deceased, brought suit against Tampashores Development Company, a corporation organized under the laws of the State of Florida, and others to foreclose a mortgage on certain lands situate in Pinellas County, Florida, which was executed on October 6, 1924, by Oldsmar Development Company, a corporation, to the Girard Trust Company, Trustee under the will of John J. Ferreck, deceased, to secure a note bearing even date for $79,025.00 payable at the office of Girard Trust Company in Philadelphia, Pa., which note it is alleged was for the balance of the purchase price of lands described in the mortgage, which lands it is alleged were on the 6th day of October, 1924, conveyed to Oldsmar Land & Development Company

by Girard Trust Company, Trustee under the will of John J. Ferreck, deceased.

It is alleged that Oldsmar Development Company by an amendment to its charter changed its name to Tampashores Development Company.

To the bill of complaint Tampashores Development Company filed a plea in the following language, to wit:

"The plea of Tampashores Development Company, a corporation, one of the defendants to the bill of complaint of Girard Trust Company, a corporation organized and existing under the laws of the State of Pennsylvania, Trustee under the will of John J. Ferreck, deceased, complainant.

"This defendant, waiving the demurrer heretofore filed by it, by protestation, not confessing or acknowledging all or any of the matters and things in the complainant's bill mentioned to be true in such manner and form as the same are therein and thereby set forth and alleged, doth plead unto the same and for plea says:

"That the complainant in this bill is a foreign corporation, chartered under the laws of a state other than the State of Florida, and that it is attempting to act within the State of Florida in the capacity of trustee for the estate of John J. Ferrick, deceased, by suing to foreclose a mortgage in this proceeding and that under the laws of the State of Florida said foreign corporation has no power to enforce the alleged mortgage described in the bill of com plaint in this cause, as in and by said bill it seeks to do.

"All of which matters and things this defendant avers to be true and pleads the same to the whole of the said bill and demands the judgment of this honorable court whether it ought to be compelled to make any answer to the said bill of complaint, and prays to be hence dismissed with its reasonable costs in this behalf most wrongfully sustained."

The plea was set down for hearing and it coming on to be heard the plea was sustained by the chancellor.

From the order sustaining the plea appeal was taken to this Court. It is assumed that the plea refers to Chapter 8531, Acts of 1921, as amended by Chapter 9287, Acts of 1923. The pertinent part of this Act is as follows:

"Section 1. That from and after the passage of this Act is shall be unlawful for any corporation or association to exercise any of the trust functions now prescribed by the Laws of the State of Florida to be exercised by trust companies or associations, or to exercise any of the duties, powers or enjoy the emoluments, profits or benefits which may be granted or may have heretofore been granted by the Legislature of the State of Florida to corporations or associations without having first obtained a charter under the Laws of the State of Florida granting the exercise of such powers, duties and functions. Provided that nothing in this Act shall apply to the making, execution or acknowledgment of any deed heretofore made or that may be hereafter made by any association or corporation organized under the laws of any other state or any trustee, executor or administrator appointed under any will executed by a non-resident, or to the making, execution or acknowledgment of any deed heretofore made or hereafter made by such foreign trustee, executor or administrator."

This is a case of first impression in this Court in so far as the construction to be given to the language used in this statute is concerned.

We have been unable to find a parallel case reported from other jurisdictions. This, however, should create no surprise as ours is a peculiar statute.

It will be observed that the statute as first enacted in 1921 was found by the legislature to be unwise and, therefore, the addition of the words: "Provided that nothing in

this Act shall apply to the making, execution or acknowledgment of any deed heretofore made or that may be hereafter made by any association or corporation organized under the laws of any other state or any trustee, executor or administrator appointed under any will executed by a non-resident, or to the making, execution or acknowledgment of any deed heretofore made or hereafter made by such foreign trustee, executor or administrator,'' was made.

It must be assumed that this provision enacted by the legislature was intended to have some useful purpose. It appears that that useful purpose was to make it lawfully possible for foreign trustees, executors or administrators appointed under any will by a non-resident to convey and dispose of property in this state owned by the decedent at the time of death and the legal title to which had passed by will to a trustee, executor or administrator. If this was the purpose of the legislative Act, and we hold that it was, then the Act by implication, authorizes such trustee, executor or administrator appointed under any will of a non-resident decedent to perform all functions incident to the conveying of the property and one of the things necessarily incidental to the proper conveyance by a trustee of a trust estate is to secure for the benefit of the estate the proceeds of the conveyance.

''If a statute grants a right or imposes a duty, it also confers by implication every particular power necessary for the exercise of the one or the performance of the other.'' Newcomb v. City of Indianapolis *et al.*, 141 Ind. 251, 40 N. E. 919; 28 L. R. A. 732. That which is clearly implied is as much a part of the law and is as effectual as that which is expressed. U. S. v. Babbit, 17 U. S. Law Ed. 94; Croxall v. Shererd 18 U. S. Law Ed. 572; U. S. v. Hobson 19 U. S. Law Ed. 937; Luria v. U. S. 58 Law Ed. 101. ''Where a statute requires an act to be done for the benefit of another

or forbids the doing of an act which may be to his injury, though no action be given in express terms by the statute for the omission or commission, the general rule of law is that the party injured should have an action; for where a statute gives a right, there, although in express terms it has not given a remedy, the remedy which by law is properly applicable to that right follows as an incident.'' 25 R. C. L. 979; Willis v. Mabon 48 Minn. 140, 50 N. W. 1110.

A statute authorizing a trustee, executor or administrator to pass the legal title of a trust estate to a stranger would be worse than useless unless it be construed that the authority to make and execute the deeds and pass the title carries with it the implied and needful authority to receive and, if necessary, to enforce, the payment of the agreed purchase price of the property so conveyed.

The logical, and we think necessary, conclusion is that Chapter 9287, Acts of 1923, in the proviso that nothing in the Act shall apply to the making, execution or acknowledgment of any deed heretofore made or that may be hereafter made by any association or corporation organized under the laws of any other state, or any trustee, executor or administrator appointed under any will executed by a nonresident, or to the making or execution or acknowledgment of any deed heretofore made or hereafter made by such foreign trustee, executor or administrator; also excluded from the provisions of the act the usual and necessary action, conduct and functions of such trustees, executors or administrators in receiving or in the enforcing of the payment of the purchase price of lands conveyed by deeds so executed.

The order of the chancellor sustaining the plea should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J. concur in the opinion and judgment.