OCEAN & LAKE REALTY COMPANY, a Corporation, and PALM BEACH OCEAN REALTY COMPANY, a Corporation, *Appellants*, v. H. FRANCES CRAGIN AND GIRARD TRUST COMPANY, a Corporation organized and existing under the laws of the State of Pennsylvania, as Co-Trustees under the Last Will and Testament of CHARLES I. CRAGIN, deceased, *Appellees*.

Division A.

Opinion filed April 2, 1929.

*Fleming, Hamilton, Diver, Lichliter & Fleming*, for Appellants;

*Wideman & Wideman,* for Appellees.

PER CURIAM.—In July 1925, H. Frances Cragin and Girard Trust Company, as Trustees of the Estate of Charles I. Cragin, sold to Ocean & Lake Realty Company certain lands in Palm Beach County, Florida, for a valuable consideration, a portion of which was in cash and the balance of $896,706.00 was represented by four promissory notes of $224,176.50, each payable in one, two, three, and four years with interest at six per cent (6%) per annum until paid, the said notes being secured by a mortgage on the lands sold. In October 1925, Ocean and Lake Realty Company, conveyed the said lands to Palm Beach Ocean Realty Company, subject to the said mortgage.

In February, 1927, H. Frances Cragin and Girard Trust Company, as Trustees, filed their bill of complaint against Ocean & Lake Realty Company and Palm Beach Ocean Realty Company, et al, to foreclose the mortgage as here referred to. A demurrer and a plea to the bill were overruled both of which raised the question that Girard Trust Company could not bring suit in this State because it was a foreign corporation and had not qualified to do business in the State of Florida as required by Chapter 8531, Acts of 1921, as amended by Chapter 9287, Acts of 1923, Laws of Florida. Appeal was taken from the order on the demurrer and the plea.

Does Chapter 8531, Acts of 1921, as amended by Chapter 9287, Acts of 1923, Laws of Florida, preclude appellees from coming into the proper forum in this State for the purpose of foreclosing the mortgage as above described, may be stated as the only question of law presented here for our consideration.

Chapter 8531, Acts of 1921, as amended by Chapter 9287, Acts of 1923, prescribes the conditions under which trust

companies and foreign corporations may transact business in this State. It is urged by appellants that these acts are a complete bar to the appellee bringing this suit because they (appellees) have not complied with the terms thereof. We have examined the basis of appellants contention and we do not think it well grounded. We think further that the questions raised in the instant case are settled and precluded by the decision of this court in Girard Trust Company v. Tampa Shores Development Company, et al., reported in 95 Fla., 1010, 117 So. R. 786.

The decree of the chancellor is accordingly affirmed.

Affirmed.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.