444

(No. 51731.-

LELAND ZAVADIL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Schultz Lithographing Co., Appellee).

*Opinion filed November 21, 1979.*

Thomas D. Allison, Lynn A. Goldstein and Herold L. Rifken, of Chicago (Cotton, Watt, Jones, King Bowlus, of counsel), for appellant.

Musschoot, Womack & Galich, of Chicago (Arthur R. Musschoot, James W. Womack and Andrew A. Galich, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

This is a workmen's compensation case. The issue, once again, is whether or not the decision of the Industrial Commission, confirmed by the circuit court of Cook County, was against the manifest weight of the evidence. The answer, once again, is it wasn't. Leland Zavadil was employed by Schultz Lithographing Co. as a pressman when he slipped on some oil while walking on the catwalk of a press, about four and a half feet above the floor. He

fell to the floor, landing on his feet, but immediately dropped to his knees. As he fell, the small or lower portion of his back struck the metal catwalk. The arbitrator awarded Zavadil $100.90 per week for 12 weeks for temporary total incapacity for work, and $80.90 per week for 100 weeks for the permanent and complete loss of use of both legs to the extent of 25% each. Both parties appealed. The Commission, after hearing additional testimony, affirmed the arbitrator with this modification: $80.90 per week for 60 weeks for permanent and complete loss of the use of his legs to the extent of 15% each. On Zavadil's appeal, the circuit court confirmed.

A recitation of the conflicting medical testimony here would serve no useful purpose. Its resolution was within the particular purview of the Commission. (*Puckett v. Industrial Com.* (1979), 77 Ill. 2d 321.) We note Zavadil's argument that Dr. Philip Epstein's testimony—Zavadil's condition is caused by a mental disorder resulting from his accident and injury at work—was uncontroverted and that therefore the Commission's failure to find permanent disability on this basis was against the manifest weight of the evidence. This contention was clearly rejected in *Sosniak v. Industrial Com.* (1967), 37 Ill. 2d 81, 83-84, where a doctor testified for the claimant that the latter had a psychiatric problem causally linked to the injury at work. The employer offered no rebuttal evidence on the psychiatric problem. This court found that the Commission had resolved the substantial conflict in medical testimony in favor of the claimant, as here, but concluded that the Commission's rejection of "another aspect of the claim, to which only one witness testified, does not mean that its finding must be held to be against the manifest weight of the evidence." 37 Ill. 2d 81, 84.

Our review of the record prescribes affirmance of the judgment of the circuit court.

*Judgment affirmed.*