ERVIN, Judge.
In this workers’ compensation case, the employer/carrier appeals an order finding it responsible for surgical and medical costs in excess of the fee schedule set out in Fla.Admin.Code Rule 8C-7.01, and finding it responsible for the remaining balance of claimant’s hospital bill. We affirm as to both findings.
As to the latter award, the carrier argues that the judge could not modify his prior order apportioning out costs relating to the noncompensable surgery because the later order was not designed to correct a mistake of fact or a change in condition, the only grounds for modifying compensation orders. See Section 440.28, Florida Statutes (1977). The record does not demonstrate, however, that the later order was in fact a modification of the prior order.
Claimant was confined at Jackson Memorial Hospital from February 1, 1977, until March 16, 1977, during which time he was operated on for a laminectomy and later an orchiectomy. By order of March 21, 1978, the costs of the laminectomy were found causally related to claimant’s work-related injury, but the costs of the orchiectomy, noncompensable. Complying in part with the order, the carrier paid Jackson Memorial’s bill for claimant’s hospitalization from February 1 until February 24, the date of claimant’s laminectomy, but refused to pay any amount thereafter, contending that the remaining balance of the bill related to the orchiectomy. The claimant then filed a motion to compel the carrier to pay the unpaid portion of both the hospital bill and a medical bill, which the judge granted on June 18, 1979, the order now appealed.
We agree that the order must be affirmed as to the point raised because appellant has failed to demonstrate from the record how that order directing the carrier to pay the balance of claimant’s hospitalization costs was a modification of the prior order. The surgeon’s fee for the noncom-pensable operation is not at issue, only the hospitalization costs. Moreover a letter from one of claimant’s physicians states that all of claimant’s hospitalization costs related to his back problem, beginning with the laminectomy and culminating in radiation therapy. The carrier failed to sustain its burden of demonstrating error, and the order directing payment of the remaining hospitalization costs is affirmed.
As to the carrier’s argument that the judge erred in requiring it to pay the surgeon’s fee for the laminectomy in excess of the fee schedule, it should be noted that Rule 8C-7.01 permits the Division of Labor *332 to assess greater fees “in unusual cases on the basis of individual consideration.” When a judicial function is involved, as it is here, the Division is deemed to act through the orders of the respective judges of industrial claims. See Thomas v. General Elevator Corporation, 9 FCR 179, 180 (1975), cert. denied, 316 So.2d 294 (Fla.1975). Admittedly the judge’s order did not expressly find that the laminectomy performed was an unusual procedure, but that finding is im.plicit in the following language:
I have reviewed the operative notes and find that Dr. Sutton explored at five different levels and performed a laminecto-my at five different levels as well as excising the tumor at those levels. I find that a reasonable fee for those surgical services is in the amount of $2,000.00 and that the surgeon is additionally entitled to $200.00 for the performance of the myelogram.
Additionally, the medical records clearly support the award in excess of the fee schedule. The claimant, at the time the emergency myelogram was performed, was partially paralyzed and had developed urinary retention. When the myelogram disclosed a block in his thoracic spine at the T-5 level, claimant was removed to the operating room where an emergency lami-nectomy was performed. The medical records disclosed that not only was it necessary to remove a tumor which had encased claimant’s spinal cord but also to remove the lamina and spinous processes at five levels. We agree with the judge’s implicit finding that the surgery was hardly standard or usual.
AFFIRMED.
SHIVERS and SHAW, JJ., concur.