(No. 53241.—■■■■)

ANN GARRISON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (The City of Evanston, Appellee).

*Opinion filed December 1, 1980.—Rehearing denied January 29, 1981.*

Joseph P. Cascino, Jr., of Evanston, for appellant.

Musschoot, Womack & Galich, of Chicago (Arthur R. Musschoot and Hubert C. Merrick, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

Claimant, Ann Garrison, was awarded compensation benefits by an arbitrator for injuries she allegedly sustained while working for respondent, the City of Evanston. Both parties sought review. The Industrial Commission modified the award, claimant appealed, and the circuit court of Cook County confirmed the Commission's modified award. The claimant appeals to this court under Rule 302(a) (73 Ill. 2d R. 302(a)).

Claimant was employed on October 29, 1976, by the respondent as a switchboard operator and clerk-typist. On that day she walked out of her office to tell a fellow employee that he had a telephone call. As she stood talking to an employee, Stanley Warren, in the second-floor parking lot, a third employee, Gary Swanson, drove up in his car. Swanson testified he plays a great deal of tennis and gives used tennis balls away to fellow employees. Swanson testified he threw a tennis ball to Warren and shouted Warren's name. Both Warren and Swanson testified that the tennis ball bounced once and then struck the claimant in the area of her back and shoulders. Swanson thought he was 20 to 30 feet away when he threw the ball. Warren estimated the distance to be 50 to 75 feet.

The claimant testified she was struck in the back of the head. She never saw the object which struck her but said it felt like a rock.

An array of medical testimony and records was produced at the hearings before the arbitrator and the Commission. The bills relate to physical and X-ray examinations, medication and other treatment for neurological, orthopedic, psychiatric, dental, ear and eye maladies, and a consultation with a gynecologist, all allegedly arising out of this one incident. The claimant received 27 ½ weeks temporary total disability, $983.10 for a partial permanent disability, and $3,550.64 in medical expenses from the arbitrator. The Commission reduced that award to 16 3/7 weeks for temporary total disability, no award for any permanent disability, and $2,926 in medical expenses. The claimant is seeking reversal on the ground she is entitled to recover $10,500 in medical expenses, additional temporary total disability compensation, and a finding that she is totally and permanently disabled.

The extent and permanency of an employee's medical disability are questions to be decided by the Industrial Commission. (*John v. Industrial Com.* (1980), 81 Ill. 2d 145, 151; *Arcole Midwest Corp. v. Industrial Com.* (1980), 81 Ill. 2d 11, 16.) The Commission resolves conflicts in medical testimony. Its findings will not be set aside unless they are against the manifest weight of the evidence. (*Zavadil v. Industrial Com.* (1979), 77 Ill. 2d 444, 445.) From our review of the record, we conclude that the Commission's findings are not contrary to the manifest weight of the evidence.

The claimant also argues that she was discharged from her job in retaliation for her filing a workmen's compensation claim. Such an allegation is properly brought in an independent tort action, not in a workmen's compensation proceeding. *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 184.

Finally, the claimant seeks to have a penalty assessed against the respondent due to an alleged unreasonable and vexatious delay in paying the instant claim. (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(k).) First of all, we find no petition in the record requesting additional compensation due to delay. (See *Wilbon v. Industrial Com.* (1976), 65 Ill. 2d 221; *A. O. Smith Corp. v. Industrial Com.* (1976), 65 Ill. 2d 224; *City of Chicago v. Industrial Com.* (1976), 63 Ill. 2d 99.) Secondly, such a petition must be directed to the Industrial Commission, so that it may determine as a question of fact (*A. O. Smith Corp. v. Industrial Com.* (1976), 65 Ill. 2d 224, 228; *Wilbon v. Industrial Com.* (1976), 65 Ill. 2d 221, 224; *Board of Education v. Industrial Com.* (1968), 39 Ill. 2d 167, 170) whether such delay exists. The claimant rested her case before the Commission without presenting evidence of unreasonable or vexatious delay. There is therefore no need for us to address this question. It is not properly before us.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*