413 So.2d 121 (1982)
PIEZO TECHNOLOGY and Professional Administrators, Inc., and Old Republic Ins. Co., and Southern Fire Adjusting Co., Appellants,
v.
Geraldine SMITH, Appellee.
No. ZZ-27.
District Court of Appeal of Florida, First District.
April 26, 1982.
*122 Bernard J. Zimmerman, William G. Berzak and W. Michael Miller of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, Orlando, for appellee.
PER CURIAM.
Employer/carrier appeals a workers' compensation order which found that claimant was wrongfully discharged contrary to the provisions of § 440.205, Florida Statutes. We conclude that a deputy commissioner is without jurisdiction to make such a determination unrelated to any pending claim for benefits otherwise due under Chapter 440, Florida Statutes, and we therefore reverse.
The order determining that employer Piezo Technology violated § 440.205, Florida Statutes, is based on findings (1) "that the employer improperly terminated Geraldine Smith as a result of her attempts to claim further workmen's compensation benefits" instead of the alleged reason of excessive absenteeism; (2) that the deputy had "jurisdiction to hear this cause pursuant to Fla. Stat. § 440.205, § 440.25, and § 440.45," and (3) that a prior order denying additional benefits for the claim in question "does not preclude the undersigned from considering a violation of Fla. Stat. § 440.205 inasmuch as that statute is not predicated upon a showing that monetary benefits are due the injured worker."
Section 440.205, Florida Statutes, provides that:
No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
The legislative history of § 440.205 shows that the bill was at one time drafted with explicit provisions for sanctions and jurisdiction in the circuit court. Journal of the House of Representatives, pp. 208-210 (April 10, 1979). By amendment these provisions were deleted, and the law as enacted prescribes no specific sanctions or jurisdiction. Because the omitted provisions covered only matters of remedy often left to general law, the amendment can be regarded as deletion of surplusage having no significant bearing on the question of forum *123 for enforcement.[1] Certainly the language of the provision enacted, supra, does not negate a civil remedy in courts of general jurisdiction, nor does it support application of the maxim for construction of laws which are amended by substitution of language that gives a different meaning:
Where the journals recording the history of the enactment of the statute show that language that gave a particular construction to it was taken out by an amendment, another provision being substituted that gives a different meaning, a construction based on the provision before its amendment will be avoided. [emphasis supplied]
See 30 Fla.Jur., Statutes, § 103 (1974) (citing State ex rel. Finlayson v. Amos, 76 Fla. 26, 79 So. 433 (1918). Equally certain is the fact that the purpose of the provision, stated in the title of the act, is "prohibiting retaliatory discharges of employees."[2] Because, as detailed below, that purpose is not susceptible of accomplishment within the limited jurisdiction of deputy commissioners under Chapter 440, and because we may not assume that the provision is a nullity or useless enactment,[3] we conclude that the creation of a cause of action for wrongful discharge,[4] cognizable in the circuit court, was the means intended for accomplishment of the stated legislative purpose.
We conclude however that a wrongful discharge action is clearly not cognizable by a deputy commissioner within the parameters of Chapter 440. Although deputy commissioners are authorized by § 440.25(1) to "hear and determine all questions" in respect to a claim for compensation, the request for a § 440.205 wrongful discharge finding in the case before us is neither a claim for "compensation" nor "benefits" as those terms are used in Chapter 440.
The order appealed in this case is likewise not properly entered by a deputy commissioner under Chapter 120. Section 120.565 provides for declaratory statements by way of agency opinion and final agency action; however, § 440.021 establishes that deputy commissioners are exempt from Chapter 120 and shall not be considered an agency or a part thereof. We find no authority for imbuing a deputy commissioner with "agency status" for the limited purpose of § 440.205 adjudications, and we therefore conclude that such adjudications may not be made under § 120.565, since that statute expressly requires agency action.
The order appealed is reversed.
WENTWORTH and JOANOS, JJ., concur.
ERVIN, J., dissents w/opinion.
ERVIN, Judge, dissenting.
I respectfully dissent. It is my view that the deputy does in fact have jurisdiction to entertain a claim alleging wrongful discharge.
By looking only to the words of Section 440.205, it is difficult for one to glean the extent of the legislative purpose behind its enactment. Although the statute clearly precludes retaliatory discharge, it provides no sanctions for such conduct, nor does it explicitly vest jurisdiction in either the courts or the deputy commissioners for determining whether an alleged wrongful discharge occurred.
The statute's history is a curious one: as first introduced in the Senate as Senate Bill 188, Journal of the Senate, p. 68 (April 3, 1979), it contained various amendments to Chapter 440, yet it made no provision relating to the subject matter of Section 440.205. That same day a committee substitute was *124 passed with minor amendments, none of which referred to Section 440.205. Id. at pp. 68-71. The bill was then referred to the House. On April 10, 1979, the House adopted amendments to the bill and passed it as amended. One of those amendments introduced a provision which eventually became Section 440.205. Journal of the House of Representatives, pp. 208-210. The House bill, as amended, provided:
(1) No employer shall discharge, threaten to discharge, intimidate or coerce any employee by reason of such employee's claim for compensation or attempt to claim compensation under the Workmen's Compensation Act of Florida.
(2) Any employer who violates the provisions of this section 
(a) shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation;
(b) may be enjoined from further violations of this section in order to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of such employee's claim for compensation under the Workmen's Compensation Act of Florida; and
(c) shall be subject to a civil penalty of not more than $500.00 for each violation as to each employee.
(3) Any individual who is reinstated to a position of employment in accordance with the provisions of this section shall be considered as having been on furlough or leave of absence during such period and shall be reinstated to his position of employment without loss of seniority and shall be entitled to participate in insurance or other benefits offered by the employer pursuant to the established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such individual was discharged.
(4) The employer alone and not the employer's insurance carrier shall be liable for such penalties and payments. Any provision in an insurance policy undertaking to relieve the employer from liability for such penalties and payment shall be void.
(5) In an action or proceeding under this section, the court shall award a prevailing employee who brings such action by retained counsel a reasonable attorney's fee as a part of the costs. The court may award a prevailing employer a reasonable attorney's fee as part of the costs if the court determines that the action is frivolous, vexatious, or brought in bad faith.
(6) An action by an employee to enforce this section shall be brought in the Circuit Court of the county in which such employer maintains a place of business.
Id. at 210.
On April 17, 1979, the bill was returned to the Senate and referred to its Ways and Means Committee. Although that committee recommended adoption, the full Senate refused, requesting instead that the House recede from its amendments or appoint a conference committee. Upon the House's refusal, a conference committee was appointed, which ultimately amended the bill passed by the House. One of the amendments eventually became Section 440.205, and, as finally enacted, retained only Section 1 of the House's amended bill and deleted all provisions for damages, injunctions, civil penalties and attorney's fees as provided in the amended House bill. Journal of the Senate, pp. 263-296 (April 26, 1979); Journal of the House of Representatives, pp. 323-352 (April 24, 1979).
After considering the above history, I can only conclude that the legislature's enactment of Section 440.205, which eliminated all but Section 1 of the House's amended bill, does not reflect any intention that there be created a civil cause of action in the circuit court. This conclusion corresponds with the long-standing rule of statutory construction to the effect that
where the journals recording the history of the enactment of the statute show that language that gave a particular construction to it was taken out by an amendment, another provision being substituted that gives a different meaning, a construction *125 based on the provision before its amendment will be avoided.
30 Fla.Jur., Statutes, § 103, p. 261 (1974) (citing to State ex rel. Finlayson v. Amos, 76 Fla. 26, 79 So. 433 (1918). See also Mayo v. American Agricultural Chemical Co., 101 Fla. 279, 133 So. 885 (1931).
Nor in my view was there created a claim that is cognizable under Chapter 440. Section 440.25(1) provides:
Subject to the provisions of s. 440.19, a claim for compensation may be filed with the division at its office in the City of Tallahassee in accordance with rules prescribed by the division at any time after a specific benefit becomes due and is not paid, and the deputy commissioner shall have full power and authority to hear and determine all questions in respect to such claims.
The claimant's request for a finding under Section 440.205 is neither a "claim for compensation", nor a "claim for benefits", see Section 440.19. Indeed, Section 440.205 does not provide for any compensation or benefits. Compensation is defined as "the money allowance payable to an employee or to his dependents as provided for in this chapter." Section 440.02(11). Additionally, compensation or benefits allowable under Chapter 440 are generally predicated upon accidental injuries. See Section 440.02(18). Any case involving a wrongful discharge, pursuant to Section 440.205, on the other hand, would necessarily require proof of an intentional act.
Although I find nothing in Section 440.205 explicitly conferring on a discharged employee the right to file a claim for benefits before a deputy commissioner, I do not think one can logically conclude that the statute fails to afford an aggrieved person the right to litigate a wrongful discharge in any forum. Such a conclusion would be incongruous with well established principles of law, since the legislature should not be presumed to have intended to enact a useless piece of legislation. See Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962); 30 Fla.Jur., Statutes, § 77. Consequently, if the statute grants a right or imposes a duty, it may be construed as conferring by implication the power necessary for the exercise of the right or the performance of the duty. 30 Fla.Jur., Statutes, § 170. Thus, if the statute requires an act to be done for the benefit of another, or forbids the doing of an act which may be to his injury, the person wronged may have an action even though one is not given to him under the express terms of the statute. See Girard Trust Company v. Tampashores Development Co., 95 Fla. 1010, 117 So. 786 (1928). Finally, the need to imply an action[1] here is made imperative by the constitutional precept that no legal wrong should be suffered without a remedy. Article I, Section 21, Florida Constitution (1968). See also Baxter's Asphalt, etc. v. Liberty County, 406 So.2d 461 (Fla. 1st DCA 1981).
I think it necessary to look, then, to the Administrative Procedure Act (Chapter 120) as a means of resolving the question of jurisdiction. Section 440.021, Florida Statutes (1979), does not expressly exclude determinations made under Section 440.205 from Chapter 120 proceedings. Section 440.021 provides:
Workers' compensation adjudications by deputy commissioners and the Industrial Relations Commission are exempt from chapter 120, and neither the deputy commissioners nor the Industrial Relations Commission shall be considered an agency or a part thereof. Advisory opinions of the division pursuant to s. 440.19(1) as to the entitlement of an employee or his dependents to benefits under this chapter are exempt from chapter 120. In all instances in which the division institutes action to collect a penalty or interest which may be due pursuant to this chapter, the penalty or interest shall be assessed without hearing, and the party against which such penalty or interest is assessed shall be given written notice of *126 such assessment and shall have the right to protest within 20 days of such notice. Upon receipt of a timely notice of protest and after such investigation as may be necessary, the division shall, if it agrees with such protest, notify the protesting party that the assessment has been revoked. If the division does not agree with the protest, it shall refer the matter to the deputy commissioner for determination pursuant to s. 440.25(3) and (4). Such action of the division is exempt from the provisions of chapter 120.
At first glance that section appears to be a blanket exemption from all sections of Chapter 120 proceedings. However, a closer reading of the statute leads to the opposite conclusion, that the exemption applies only to specific sections of Chapter 440, namely: (1) workers' compensation adjudications, (2) advisory opinions of the division of labor as to the entitlement of benefits under the Act and (3) actions to collect a penalty owing to the Division. The proceedings in the instant case obviously do not fall within any of the above categories. Similarly, the language of Section 120.52(1)(c), Florida Statutes (1979), excising deputy commissioners from the definition of agency, applies only to "adjudication of workers' compensation claims, ... ." I therefore conclude that a proceeding brought by an employee wrongfully discharged is not one that is barred under Chapter 120 by the proscriptive language of either Section 440.021 or 120.52(1)(c).
This conclusion is buttressed by the provisions of Section 440.44(9), authorizing the Division of Workers' Compensation to conduct administrative hearings and issue orders under the APA which do not infringe upon the jurisdiction of deputy commissioners. Additionally, a reading of Section 440.44(2)[2] reinforces my belief that a wrongful discharge under Section 440.205 should only be resolved administratively. The expression of intent in Section 440.44(2) is a reflection of the long-standing statutory maxim that administrative bodies are given the integrity to interpret and apply statutes within their own expertise which are entrusted to them by the legislature. See Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 400 So.2d 66 (Fla. 1st DCA 1981). The Division, operating through the deputy commissioners, is the proper body  rather than the circuit courts  to decide issues relating to wrongful discharges. In my judgment, broad statutory powers repose special expertise in the Division to hear such cases as well as to apply and interpret the provisions of Section 440.205. For example, the Division, an arm of the Department of Labor and Employment Security, is entrusted with a variety of labor and employment matters. See Chapters 443, 446, 447 and 450. On the other hand, circuit courts are not specifically provided jurisdiction to determine the employment violation involved in Section 440.205 as, for example, are courts of competent jurisdiction authorized to hear actions alleging wage rate discrimination based on sex. See Section 448.07. Moreover, as a practical matter, deputy commissioners have no doubt frequently been exposed to instances of retaliatory discharge (but with no power to prevent it) which surfaced in connection with compensation hearings. In short, the determination of wrongful discharge under Section 440.205 is very closely related to the mainstream of workers' compensation law in Chapter 440.
I consider also that the deputies' specific authorization to make findings under Section 440.205 lies in Section 120.565, providing:
Each agency shall provide by rule the procedure for the filing and prompt disposition of petitions for declaratory statements. A declaratory statement shall set out the agency's opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it *127 applies to the petitioner in his particular set of circumstances only. The agency shall give notice of each petition and its disposition in the Florida Administrative Weekly, except that educational units shall give notice in the same manner as provided for rules in s. 120.54(1)(a), and transmit copies of each petition and its disposition to the committee. Agency disposition of petitions shall be final agency action.
Originally, the Department of Administration interpreted Section 120.565 as allowing the use of a declaratory statement "before any wrong [was] actually ... committed." Fla. Admin. Code Rule 28-4.05. That phrase, however, was deleted from the rule as amended on March 23, 1980. The new rule now provides:
A declaratory statement is a means for resolving a controversy or answering questions or doubts concerning the applicability of any statutory provision, rule or order as it does, or may, apply to Petitioner in his particular circumstances only. The potential impact upon the petitioner's interests must be alleged in order for petitioner to show the existence of a controversy, question or doubt.
Fla. Admin. Code Rule 28-4.05 (emphasis supplied). The deleted language from the original rule, as well as the above underscored language of the new rule, indicates that a declaratory statement pursuant to Section 120.565 can now be used to resolve a controversy in situations where the alleged harm or damage has already been consummated. Moreover, it is evident that factual issues can be resolved in a 120.565 proceeding since Florida Administrative Code Rule 28-4.07(1) provides:
The agency may, at its discretion, hold a hearing to dispose of a petition submitted pursuant to Section 120.565, F.S. If a hearing is held it shall be conducted pursuant to Section 120.57 on an expedited basis, or as otherwise agreed upon by the agency and the parties.
We are not asked whether the deputy commissioner can properly act as agency head to determine a violation under Section 440.205.[3] Had it been determined, however, that deputy commissioners possess the requisite jurisdiction to make administrative findings of wrongful discharge, there clearly would be no impediment to our reviewing such an order as final agency action. By analogy, we frequently review free-form agency actions by subordinate employees when such actions are "authentic beyond doubt and [when] nothing can be gained through further agency proceedings." Rice v. Dept. of Health & Rehabilitative Services, 386 So.2d 844, 847 (Fla. 1st DCA 1981). And see Harris v. Florida Real Estate Comm'n., 358 So.2d 1123, 1125 (Fla. 1st DCA 1978), cert. den., 365 So.2d 711 (Fla. 1978). Additionally, we are specifically authorized to review any order of a deputy commissioner. See Section 440.271.
In my judgment, were we to allow the deputy to issue a finding under Section 440.205, there would not result  as the e/c argues  an unfeasible and unprecedented bifurcation of an action between an administrative body and the circuit court. Section *128 120.565 expressly states that a declaratory statement is final agency action. As final agency action, the statement could then be enforced by either the agency or a substantially interested person in the circuit court. Section 120.69(1), Florida Statutes. Section 120.69(2) provides the following remedies:
A petition for enforcement may request declaratory relief; temporary or permanent equitable relief, any fine, forfeiture, penalty, or other remedy provided by statute; any combination of the foregoing; or, in the absence of any other specific statutory authority, a fine not to exceed $1,000.
To summarize, in my judgment a claimant is not precluded by the exclusionary language of either Section 440.021 or 120.52(1)(c) from requesting an administrative declaratory statement on the question of whether he or she was wrongfully discharged. If a determination is made by the Division that the claimant was wrongfully discharged, and the employer fails to redress that wrong, the claimant could then petition the circuit court for an order enforcing the deputy's determination and request also the wide variety of remedies provided by Section 120.69(2). I would therefore conclude that the Division has jurisdiction to enter an order finding whether or not an employee was wrongfully discharged.
As to the merits, I conclude also that the deputy had competent and substantial evidence before him to determine that claimant was wrongfully discharged; consequently, I would affirm the order in its entirety.
NOTES
[1] Factors involved in actions for statutory enforcement are noted in Cannon v. University of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), and Trans-America Mortgage Advisors v. Lewis, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).
[2] Chapter 79-40, Laws of Florida.
[3] Cf., Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962); Girard Trust Company v. Tampashores Development Co., 95 Fla. 1010, 117 So. 786 (1928).
[4] See Segal v. Arrow Industries, 364 So.2d 89 (Fla. 3d DCA 1978).
[1] Professor Alpert has also taken the position that "[Section 440.205] should provide the impetus to Florida's recognition of a cause of action." L. Alpert, Florida Workmen's Compensation Law, § 33-9 (1981 Supp.).
[2] Section 440.44(2) provides:

INTENT.  It is the intent of the Legislature that the division assume an active and forceful role in the administration of this act, so as to ensure that the system operates efficiently with maximum benefit to both employers and employees.
[3] There appears to be no legal barrier foreclosing a deputy commissioner from acting as the agency head for the purpose of making a declaratory statement in construing Section 440.205. In fact, it would appear that the deputy would be the logical and appropriate choice. Section 440.45(3) states: "The deputy commissioners shall be within the Department of Labor and Employment Security under the secretary of that department." That statute does not clarify whether the deputy is also "under" the Division of Workers' Compensation. At any event, it has been held that when a judicial function is involved, the Division is deemed to act through the orders of the respective judges of industrial claims. See Thomas v. General Elevator Corporation, 9 FCR 179, 180 (1975), cert. denied, 316 So.2d 294 (Fla. 1975); R.E. Ledford Const. Co. v. King, 381 So.2d 330, 332 (Fla. 1st DCA 1980). There is also no reason why the Division could not delegate agency head status to the deputy commissioner for the limited purpose of resolving a Section 440.205 claim. For example, Section 440.45(6) provides:

The division may delegate to its attorneys, examiners, safety representatives, field agents, inspectors, and other legal representatives such powers and authority as it may deem necessary in the administration of this chapter. (emphasis supplied)