427 So.2d 182 (1983)
Geraldine SMITH, Petitioner,
v.
PIEZO TECHNOLOGY AND PROFESSIONAL ADMINISTRATORS, and Old Republic Insurance Company and Southern Fire Adjusting Company, Respondents.
No. 62194.
Supreme Court of Florida.
February 3, 1983.
Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, Orlando, for petitioner.
Bernard J. Zimmerman and William G. Berzak of Akerman, Senterfitt & Eidson, Orlando, for respondents.
EHRLICH, Justice.
The First District Court of Appeal has certified to us that its decision in Piezo *183 Technology v. Smith, 413 So.2d 121 (Fla. 1st DCA 1982), passes upon questions of great public importance. Piezo Technology v. Smith, 414 So.2d 1128 (Fla. 1st DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The issue in this proceeding is the scope of section 440.205, Florida Statutes (1979). That statute states:
No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
§ 440.205, Fla. Stat. (1979).
Petitioner Smith, the claimant in the workers' compensation hearing below, was injured in two separate accidents while working for her employer, Piezo Technology. The first accident occurred in May 1979; the second happened in November 1979. Subsequent to the first accident but prior to the second, section 440.205 took effect July 1, 1979. It purportedly created a cause of action for wrongful discharge within a workers' compensation context.
In July 1980, the deputy commissioner found that petitioner had within eight days fully recovered from the November 1979 injury and awarded her no benefits as a result of that accident. That order was not appealed. In a November 1980 order issued after a hearing on petitioner's allegations of retaliatory discharge, the deputy commissioner found a section 440.205 violation based on the November 1979 accident. He reasoned that the July 1980 order did not preclude him from considering a section 440.205 violation inasmuch as the statute is not predicated upon a showing that monetary benefits are due the injured worker. The deputy commissioner then found that the employer had improperly terminated the petitioner as a result of her attempts to claim further workers' compensation benefits, thereby violating section 440.205. However, the deputy commissioner ordered no remedial action.
The employer appealed and the district court reversed. That court found that "a wrongful discharge action is clearly not cognizable by a deputy commissioner within the parameters of Chapter 440." 413 So.2d at 123. However, that court also further stated that "a deputy commissioner is without jurisdiction to make such a determination [of wrongful discharge] unrelated to any pending claim for benefits otherwise due under Chapter 440." 413 So.2d at 122 (emphasis supplied). The district court then concluded that section 440.205 did create a cause of action for wrongful discharge and that that action was proper in the circuit court.
Upon suggestion by petitioner, the district court then certified the following questions of great public importance:
1. WHETHER § 440.205, FLORIDA STATUTES (1979) CREATES A CAUSE OF ACTION FOR A "WRONGFUL DISCHARGE" IN RETALIATION FOR AN EMPLOYEE'S PURSUIT OF A WORKERS' COMPENSATION CLAIM;
2. IF § 440.205 DOES CREATE A CAUSE OF ACTION FOR "WRONGFUL DISCHARGE," WHETHER SUCH ACTION IS COGNIZABLE BEFORE A DEPUTY COMMISSIONER;
3. IF § 440.205 DOES CREATE A CAUSE OF ACTION FOR "WRONGFUL DISCHARGE," BUT SUCH ACTION IS NOT COGNIZABLE BEFORE A DEPUTY COMMISSIONER, WHETHER SUCH ACTION IS COGNIZABLE IN THE CIRCUIT COURT.
414 So.2d at 1128.
We answer the certified questions by holding that section 440.205, Florida Statutes (1979), creates a statutory cause of action for a wrongful discharge in retaliation for an employee's pursuit of a workers' compensation claim and such action is not cognizable before a deputy commissioner but rather is cognizable in a court of competent *184 jurisdiction.[1] We thus approve the result of the district court below.
The established rule in Florida relating to employment termination is that "`[W]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract.'" DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253, 1254 (Fla. 1980) (quoting DeMarco v. Publix Super Markets, Inc., 360 So.2d 134, 136 (Fla. 3d DCA 1978), aff'd, 384 So.2d 1253 (Fla. 1980)). Some jurisdictions have recognized exceptions to this rule and one exception takes the form of a common law tort for retaliatory discharge. See Garrison v. Industrial Commission, 83 Ill.2d 375, 47 Ill.Dec. 347, 415 N.E.2d 352 (1980); Brown v. Transcon Lines, 284 Or. 597, 588 P.2d 1087 (1978); Sventko v. Kroger Co., 69 Mich. App. 644, 245 N.W.2d 151 (1976); Frampton v. Central Indiana Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973). Florida has not followed that path. Segal v. Arrow Industries Corp., 364 So.2d 89 (Fla. 3d DCA 1978). Rather, our legislature has proscribed a wrongful discharge because of an employee's pursuit of a workers' compensation claim. It must be assumed that a provision enacted by the legislature is intended to have some useful purpose. Girard Trust Co. v. Tampashores Development Co., 95 Fla. 1010, 117 So. 786 (1928).
"Where a statute requires an act to be done for the benefit of another or forbids the doing of an act which may be to his injury, though no action be given in express terms by the statute for the omission or commission, the general rule of law is that the party injured should have an action; for where a statute gives a right, there, although in express terms it has not given a remedy, the remedy which by law is properly applicable to that right follows as an incident."
95 Fla. at 1015-16, 117 So. at 788 (quoting 25 R.C.L. 979-80 (1919)). Thus, because the legislature enacted a statute that clearly imposes a duty and because the intent of the section is to preclude retaliatory discharge, the statute confers by implication every particular power necessary to insure the performance of that duty. Mitchell v. Maxwell, 2 Fla. 594 (1849). We hold, therefore, that section 440.205 does create a statutory cause of action.[2]
The next question relates to the proper forum in which to seek a remedy. We agree with the district court below that the deputy commissioner is without jurisdiction to hear this action. The deputy commissioner is vested only with certain limited quasi-judicial powers relating to the adjudication of claims for compensation and benefits. § 440.25(1), Fla. Stat. (1979); Fireman's Fund Insurance Co. v. Rich, 220 So.2d 369 (Fla. 1969); Total Appliance Repairs v. Nelson, 382 So.2d 1333 (Fla. 1st DCA 1980), overruled on other grounds, Belam Florida Corp. v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981). While he may have "full power and authority" to hear and determine questions pertaining to compensation and benefits, such authority must be exercised only "in respect to such claims." § 440.25(1). A section 440.205 wrongful discharge is not a claim for compensation or benefits as those terms are used in Chapter 440. See §§ 440.02(11) and (12); § 440.09, Fla. Stat. (1979). We thus hold that a wrongful discharge action is not cognizable by a deputy commissioner within Chapter 440.[3]
*185 A section 440.205 action is likewise not a proper proceeding under Chapter 120. We do not believe that the deputy commissioner can be granted "agency status" for the purpose of section 440.205 adjudications. Section 440.021, Florida Statutes (1979), specifically exempts workers' compensation proceedings from the Administrative Procedure Act. We do not see the validity of any argument favoring otherwise.
In conclusion, then, we hold that section 440.205 does create a cause of action for retaliatory discharge. That action is cognizable not before a deputy commissioner but in a court of competent jurisdiction. The decision of the district court below is thus approved.
It is so ordered.
ALDERMAN, C.J., ADKINS, BOYD and McDONALD, JJ., concur.
OVERTON, J., concurs specially with an opinion, with which ADKINS, J., concurs.
OVERTON, Justice, specially concurring.
Although I concur with the majority opinion, I would proceed a step further and establish a common law tort for retaliatory discharge. [See authorities cited in majority opinion.] This tort is an exception to the rule that no action may be maintained for termination of employment which is indefinite or at the discretion of either party. I dissented in DeMarco v. Publix Super Markets, Inc., 384 So.2d 1253 (Fla. 1980), in which this Court held that there was no cause of action where the employer discharged the father-employee for seeking compensation for his child who was injured as a result of an alleged negligent act of the employer. I am concerned with the lack of consistency in the law as it now exists in this state. In this case, we approve a statutory cause of action for the retaliatory discharge of an employee who seeks compensation for injuries to himself or herself. In DeMarco, the majority of this Court denied the same cause of action to an employee who sought compensation for his injured child. There is neither a logical nor justifiable reason for this inconsistency to remain in our law. If a common law tort for retaliatory discharge were allowed, all persons terminated from an employment at will for seeking compensation for injury, whether to the employee personally or to a dependent of the employee, would be protected and provided full access to the courts.
ADKINS, J., concurs.
NOTES
[1] The legislature could have specifically designated the forum for adjudicating claims arising under section 440.205 and provided the relief to which an aggrieved party is entitled for a violation thereof. The fact that it did neither is not determinative of the answer to the question certified.
[2] Decisions holding otherwise are disapproved to the extent of conflict with the opinion herein. See Publix Super Mkts., Inc. v. Dean, 416 So.2d 12 (Fla. 3d DCA 1982).
[3] Language in the opinion below that implies the deputy commissioner does have jurisdiction of a section 440.205 claim that is related to a pending claim for benefits otherwise due under Chapter 440 is dicta and is disavowed by this Court. Decisions following this erroneous conclusion are disapproved to the extent of conflict with the opinion herein. See Seacoast Bldg. Supply v. Jackson, 419 So.2d 379 (Fla. 1st DCA 1982).