# THRIFT PAK FOODS SERVICE (FLA) INC. v. O'STEEN
## Case No. M-84-11535-S
County Court, Palm Beach County
February 19, 1985

### APPEARANCES OF COUNSEL

**Keith J. Merrill** for plaintiff.
**Gregory Scott** for defendants.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for non-jury trial on February 12, 1985. Both parties were present and represented by their attorneys. The Court heard sworn testimony of the Plaintiff's witnesses and of Defendant, Betty O'Steen. Further, the Court received into evidence documentary exhibits offered by both the Plaintiff and Defendant. At the close of the Plaintiff's case, Defendants moved for an involuntary dismissal pursuant to Rule 7.110(b), Florida Rules of Summary Procedure. The basis of Defendants' motion was Plaintiff's failure to comply with the statutory notice provision of a home solicitation sale contract. Section 501.031, Florida Statutes (1983). Based on the evidence introduced at trial, the Court makes the following findings of fact and law:

1. Plaintiff sued Defendants upon a contract to recover for the unpaid balance alleged to be owed on Defendants' purchase of meat

from Plaintiff. In the alternative, Plaintiff sued for the fair value of the meat delivered to Plaintiff. Under the contract at issue, Defendants had received the first shipment of meat. As damages, Plaintiff sought difference between the contract price/fair market value of the meat and Defendants' down payment.

2. The transaction at issue was a "home solicitation sale" within the meaning of Section 501.021, Florida Statutes (1983).

3. At no time in its dealings with Defendants did Plaintiff comply with Section 501.031, Florida Statutes (1983), by giving Defendants the required statutory notice of their right to cancel the transaction.

4. The notice provision contained in Section 501.031 is the central element in the legislation controlling home solicitation sales. Sections 501.021—501.055, Florida Statutes, (1983). By this statute, the Legislature has given the buyer the right to cancel a contract in order to protect the consumer from high pressure sales tactics. To preserve such a right, it is essential that the consumer have knowledge of his right to cancel. The law imposes a duty upon sellers to advise buyers of their right to cancel. Section 501.031, Florida Statutes (1983). The buyer's right to cancel even extends beyond actual delivery of goods in those situations where delivery coincides with the buyer's signing of an agreement or offer to purchase. *See* Section 501.045, Florida Statutes, (1983).

5. Given the premium the Legislature has placed on proper notice to the buyer, such notice is a pre-requisite to a seller's right to enforce a home solicitation sale contract or to recover the fair value of goods delivered pursuant to a home solicitation sale. Any other result would allow a seller to bring a suit and recover damages without a consumer ever being informed of his right to cancel the home solicitation sale contract. Sellers would then be encouraged to ignore the notice requirements of the Statute. Thus, to give full force to the obvious legislative intent of the statute, this Court holds that a seller is precluded from suing for damages arising from a home solicitation sale until such time as it complies with Section 501.031. *See, Smith v. Piezo Technology and Professional Administrators*, 427 So.2d 182 (Fla. 1983).

Based on the foregoing findings, it is

ADJUDGED that Defendants' Motion for Involuntary Dismissal is granted and that Plaintiff, Thrift Pak Foods Service (Fla), Inc., take nothing by this action and that Defendants, Alvan O'Steen and Betty O'Steen go hence without day.