534 So.2d 862 (1988)
James Donald WORLEY, Appellant,
v.
John Colon WORLEY, Appellee.
No. 88-1764.
District Court of Appeal of Florida, First District.
December 5, 1988.
Hobart O. Worley, Jr., Pensacola, for appellant.
Fran L. Frick, Pensacola, for appellee.
MILLS, Judge.
James Donald Worley appeals from an order by the trial court granting a petition for grandparental visitation rights pursuant to Section 752.01, Florida Statutes (1987). We affirm.
Henry Jordan, stepfather of appellant James Worley, filed a petition to adopt James, an adult. At the time of the petition, James had a 5 1/2 year old son, Edward. After the petition for adoption was filed, appellee John Worley, James's natural father and Edward's natural grandfather, filed a petition for grandparental visitation rights pursuant to Section 752.01, et seq., Florida Statutes (1987). The statute permits an award of reasonable visitation rights to a minor's grandparents when, among other reasons, the marriage of the minor's parents has been dissolved. Edward's parents, appellant James and Lutitia Fossen, were divorced in 1984.
Before the visitation petition was ruled on, the petition for adoption was granted with regard to the adult, appellant James. Pursuant to Section 63.172(1)(b), Florida Statutes (1987), a judgment of adoption "terminates all legal relationships between the adopted person and his relatives ... so that the adopted person is thereafter a stranger to his former relatives for all purposes... ." Based on this language, James moved to dismiss the visitation petition on the ground that his adoption and the resultant severance of the relationship with his natural parents also severed Edward's relationship with them as his natural grandparents. The appellee opposed the motion, arguing that the proceedings and effects of adoption, unknown at common law, must be strictly construed and that nothing in the Florida adoption statute could be construed to terminate the preexisting legal *863 relationships between the descendants of an adoptee already in being at the time of the adoption and the adoptee's former family. The motion was denied without explanation.
The trial court later entered its final judgment granting appellee's visitation petition. The judgment acknowledged appellant's adoption, but noted that "[t]he grandchild, Edward, was in being at the time of his father's adoption;" no further explanation with regard to the resolution of this point was given.
Appellant argues first that a grandparent has no right under Section 752.01, et seq., to seek visitation rights against a parent who is his or her own issue. However, in Griss v. Griss, 526 So.2d 697 (Fla.3d DCA 1988), the court indicated that a grandparent may seek visitation against his own child based on legislative intent indicated by the omission of language to the contrary proposed by the bill's sponsor. Where the journals recording the history of the enactment of a statute show that language that gave a particular construction to it was taken out by an amendment, another provision being substituted that gives a different meaning, a construction based on the provision before its amendment will be avoided. Griss at 700, Pearson, J., concurring, citing Piezo Technology v. Smith, 413 So.2d 121, 123 (Fla. 1st DCA 1982) approved 427 So.2d 182 (Fla. 1983).
Here, the legislative history reveals that the sponsors of Section 752.01 introduced an amendment that a visitation petition could be filed if the grandparent "is not the parent of the person with whom the child primarily resides." CS/HB 487, Fla. H.R.Jour. 246 (Reg.Sess. 1984). The House first adopted this amendment then reconsidered and withdrew it. The result was the present language: "The court may upon petition filed by a grandparent of a minor child award reasonable rights of visitation." Therefore, it appears that the correct construction of the statute is that any grandparent, regardless of the relationship to the custodial parent, may petition for visitation pursuant to Section 752.01.
Appellant also argues that his adoption as an adult, which adoption "terminates all legal relationships between [appellant] and his relatives, including his natural parents," Section 63.172(1)(b), Florida Statutes (1987), terminates his child's relationship with those relatives as well so that the child's natural grandparent would not thereafter be entitled to seek visitation under Section 752.01. This appears to be a question of first impression in Florida, but our consideration of the language of the adoption statute and the purpose behind that language leads us to hold that the adoption of an adult who has children in being at the entry of the judgment of adoption does not operate to sever the relationship of those children with their natural relatives.
The right of adoption was unknown to the common law and is a purely statutory proceeding. 25 Fla.Jur.2d Family Law Section 140. Section 63.172(1) seeks to assure that the severance of family ties by adoption be complete so as to protect the "new family union which the law has created." Beard v. Hamilton, 512 So.2d 1088, 1090 (Fla.2d DCA 1987). It provides in pertinent part:
A judgment of adoption ... has the following effect:
* * * * * *
(b) it terminates all legal relationships between the adopted person and his relatives, including his natural parents ... so that the adopted person thereafter is a stranger to his former relatives for all purposes... .
(c) it creates the relationship between the adopted person and the petitioner and all relatives of the petitioner that would have existed if the adopted person were a legitimate blood descendant of the petitioner ... (emphasis supplied).
This language clearly demonstrates an intent to sever the familial relationships only of the person being adopted. Indeed, the only person who need be affected for the purpose of "cementing new family ties" is the adoptee. However, appellant is effectively arguing that, since he was adopted, any children are automatically adopted as *864 well. However, a child such as the one herein is not only the descendant of the adopted parent, but of the other parent as well. No judgment of adoption of a minor, so that the severance argued for herein could occur, can be granted unless written consent has been executed after the birth of the minor by the mother and in most cases the father. Section 63.062(1)(a) and (b), Florida Statutes (1987). There is absolutely no evidence that any such consent was executed herein or indeed that adoption of the minor child was ever at issue. Therefore, the "automatic" adoption effectively argued by the appellant as a legal result of his own adoption cannot occur.
We wish to point out that allowing the natural grandparent of a minor child of an adopted adult to seek visitation will not create a precedent for natural grandparents of adopted children to seek visitation rights with those children. This is because the child himself will have had his former family ties directly severed by the adoption judgment. We also note that any children of an adopted adult born after the judgment of adoption is entered would have no relationship with its natural grandparents, in that a new lineal descendancy was created by the adoption of that parent before their birth, Section 63.172(1)(c). They would therefore be the descendants of the adoptive parents through the adoptee. However, in cases such as the one herein, when the child was born while his father was still a lineal descendant of his natural grandfather, the child was born a lineal descendant of his natural grandfather and, as pointed out above, no judgment has operated on him, with the statutorily required consent of his parents, to sever that tie in favor of an adoptive family.
We therefore affirm the trial court's order herein permitting visitation with the child's natural grandfather pursuant to Section 752.01 et seq.
SHIVERS and WENTWORTH, JJ., concur.