Ms. Adele V. Stones City Attorney of Key West Post Office Box 1409 Key West, Florida 33040-1409
Dear Ms. Stones:
On behalf of the City of Key West, you ask substantially the following question:
May a city commissioner simultaneously serve on a local multi-agency career service commission without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution?
In sum:
A city commissioner may also serve on a local multi-agency career service authority without violating the dual office-holding prohibition in Article II, section 5(a), Florida Constitution, since a position on the authority is in the nature of a district office not subject to the constitutional prohibition.
You state that the city commissioner was a member of the Monroe County Career Service Council (council) when elected to the commission. The council was created by Chapter 69-1321, Laws of Florida. Four of the council's five members are appointed by the following entities: the board of county commissioners; the county's anti-mosquito district; the Florida Keys aqueduct commission; and the utility board of the City of Key West.[1] The fifth councilmember is chosen by the four other members. The council is authorized to hear all appeals from disciplinary proceedings and grievances involving "career service employees" of the appointing entities.[2] The decisions of the authority are subject to judicial review.
The enabling legislation states:
No elected official of any of the appointing bodies or agencies named in this section, or any of their employees, shall be members of said council.[3]
The inclusion of this prohibition would indicate that other officers would be able to serve on the council, inasmuch as there would be no need for such a prohibition if the members of the council were considered officers for purposes of the dual officeholding prohibition.[4]
Article II, section 5(a), Florida Constitution, provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers.
This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties and municipalities. The prohibition applies to both elected and appointed offices.[5] While the term "office" is not defined by the Florida Constitution for purposes of the dual officeholding prohibition, The Supreme Court of Florida has stated:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. . . . The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract.[6]
It is, therefore, the nature of the powers and duties of a particular position that determines whether it is an "office." Membership on the governing body of a unit of government, such as a municipality or county, clearly is an "office."[7]
The constitutional prohibition does not apply to special district officers. A special district is a governmental entity created by law to perform a special and limited governmental function. Thus, this office has concluded that there is no dual officeholding violation when a state, county or municipal officer serves as an officer of a special district.[8]
In this instance, the career service council is created by law to perform the special and limited governmental function of reviewing personnel practices and hearing career service personnel complaints. The members of the council are appointed by a diverse group of governmental agencies that have no oversight or control of the functions or actions of the council.[9] Thus, the council is not a state, county or municipal agency whose officers would be subject to the dual officeholding prohibition.[10] Rather, the council serves in what appears to be in the nature of a special district, i.e., a specialized unit of government serving a particular, limited function.
Accordingly, a city commissioner may also serve on the local career service authority without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 1, Ch. 78-566, Laws of Florida.
[2] Section 3, Ch. 69-1321, Laws of Florida, designates, with exceptions, employees of elected officials of Monroe County and employees of any of the bodies that appoint the members of the council having at least one year of satisfactory service as career service employees. Those persons excepted are: employees furnishing professional services; employees contracted with for a specific purpose; the manager of the Key West Utility Board; the administrator of the Monroe County general hospital; the manager of the Florida Keys aqueduct commission; and the director of the Monroe County anti-mosquito district.
[3] Section 1, Ch. 69-1321, Laws of Florida.
[4] See, Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983) (legislative enactment is presumed to have some useful purpose), and see, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969) (it is never presumed that Legislature intended to enact purposeless or useless legislation).
[5] See, Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[6] See, State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[7] Attorney General Opinions 72-348 (1972) and 74-73 (1974), respectively.
[8] See, e.g., Op. Att'y Gen. Fla. 71-324 (1971) (member of governing board of hospital district not an officer within constitutional dual officeholding prohibition).
[9] Section 3, Chapter 76-439, Laws of Florida, adding section 7A., to Chapter 69-1321, Laws of Florida, to provide:
The exercise by the council of the powers, duties, and functions prescribed by this act shall be reviewable only by the judiciary on the grounds that: (1) The council did not afford a fair and equitable hearing. (2) The decision of the council was not in accordance with existing statutes or rules and regulations promulgated thereunder. (3) The decision of the council was not based on substantial evidence.
[10] Cf., Op. Att'y Gen. Fla. 84-90 (1984), in which this office concluded that a member of a county health facilities authority was a county officer, since the authority was created by county ordinance or resolution, the governing body of the county appointed the authority members, the county could remove the authority members and the county could abolish the authority at any time.