(No. 50848.-

ARCOLE MIDWEST CORPORATION, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Alvin Venters, Appellant).

*Opinion filed May 22, 1980.*

Warren E. Danz, of Peoria, for appellant.

Cohn, Lambert & Ryan, Ltd., of Chicago (Louis J. Cohn and Howard S. Fleishman, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

An arbitrator awarded permanent total disability compensation to claimant, Alvin Venters, for a back injury which arose out of and in the course of his employment with respondent, Arcole Midwest Corporation. After hearing additional testimony, the Industrial Commission sustained the decision of the arbitrator. Upon review, however, the circuit court of Macon County reversed, and claimant now appeals. The sole issue is whether the

Commission's finding of total and permanent disability is against the manifest weight of the evidence.

On September 27, 1972, claimant, a 34-year-old construction laborer for respondent, slipped and twisted his body while helping a coworker carry a water pump across a muddy field. Although claimant noticed soreness in his back and legs, he finished working that day. After experiencing stiffness and pain upon getting out of bed the next day, claimant filled out an accident report at work. Respondent sent him to Dr. H. O. Hoffman, who examined the claimant and prescribed therapy for his lower back. Dr. Hoffman permitted claimant to return to work after several days of therapy but, upon returning to work, claimant's pain and stiffness increased. He treated himself with a heating pad and hot baths. On November 15, 1972, claimant was laid off work because of cold weather. He has not worked since that date although, in early 1973, he tried, unsuccessfully, to obtain work both with respondent and through his union hall. Upon Dr. Hoffman's recommendation, claimant was examined by Dr. Arthur Sweet on February 13, 1973. He saw Dr. Hoffman a few more times until June, and, at respondent's request, was examined by Dr. Joseph Ankenbrandt in December. In December, too, claimant began a two-month period of treatment by Dr. Mormino, a chiropractor.

On February 20, 1974, claimant went for treatment to Dr. Walter Petersen, who ordered that a myelogram be performed. After analyzing the myelogram results, Dr. Petersen prescribed back surgery. Upon admission to the hospital, claimant was diagnosed as having a herniated intervertebral disc at L-4/L-5 and, on May 5, 1974, Dr. Petersen performed a laminectomy and spinal fusion. Claimant was discharged on May 18, but was readmitted the next day because of post-operative laminectomy pain. He was discharged on May 24.

At the arbitration hearing, claimant, who has a 10th-

grade education, testified that he had been a laborer for seven years, had previously been a factory worker and had been in the armed forces. He has no other job or trade skills. Claimant stated that, at the time of the hearing, he continues to experience constant aching and burning pain, suffers pain after being on his feet for even a short period of time, has difficulty going up and down stairs, and has stiffness in his lower back and legs. After sitting for a few hours, claimant gets pain and stiffness in his back, neck and shoulders. On cross-examination, claimant admitted performing some activities around the house and to occasionally having engaged in nonstrenuous recreational activities, all for short durations of time.

Dr. Horacio Rivero, a physician and surgeon, testified on behalf of claimant at the arbitration hearing. He had examined the claimant on August 13, 1973, and on December 17, 1974. On the latter date, which was after claimant's surgery, X rays revealed a narrowing of the intervertebral space at the site of the surgery. Dr. Rivero diagnosed claimant as having a "protrusion of nuclear pulposis in the lumbar spine" which has caused lower back tenderness and muscle spasms, radiating down the left side and upward in the spine between the shoulder blades. Claimant has limitations in bending, straight leg raising and hip rotation. In Dr. Rivero's opinion, claimant's disability is permanent and he will not be able to return to gainful employment as either a laborer or dispatcher.

Respondent introduced several reports and other documents into evidence. Dr. Hoffman reported on October 20, 1972, that if claimant's symptoms did not completely subside, "he may represent an early disc syndrome." This prognosis was substantially corroborated in a letter dated February 15, 1973, to Dr. Hoffman from Dr. Sweet. Neither doctor, however, thought that active treatment was necessary. Similarly, in a letter to respondent's insurer, dated December 10, 1973, Dr. Ankenbrandt

stated that he had no specific recommendations after examining claimant, as he found no significant objective evidence of musculoskeletal impairment. Respondent further introduced claimant's discharge summary following surgery, signed by Dr. Petersen, which stated, "Prognosis is excellent for life and health, guarded as to degree of sustained relief of symptoms," and in the discharge summary following claimant's readmission to the hospital, in which Dr. Petersen noted:

> "This patient was readmitted for control of pain that could not [seem] to be kept under control at home and following a few days of rest and immobilization with corset, he was able to leave the hospital and try it again either at home or at a convalescent hospital."

On February 9, 1976, claimant testified further at the hearing on review before the Commission. It was revealed that Dr. Petersen, who had last seen claimant during September of 1975, had recommended further surgery which was scheduled for February 18, 1976. Claimant also testified to continuing severe pain and stiffness in his lower back, hips, legs and feet. He stated that he has not returned to work, nor has any doctor released him to return to work.

The rules governing the issue in this case are well settled. An employee is totally and permanently disabled within the meaning of the Workmen's Compensation Act when he is unable to make some contribution to industry sufficient to justify the payment to him of wages. (*Gates Division, Harris-Intertype Corp. v. Industrial Com.* (1980), 78 Ill. 2d 264, 268; *A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, 487; *C. R. Wikel, Inc. v. Industrial Com.* (1977), 69 Ill. 2d 273, 278.) The employee, however, need not be reduced to a state of total physical or mental incapacity or helplessness before he can be said to be totally and permanently disabled. (*Gates Division, Harris-Intertype Corp. v. Industrial Com.*

(1980), 78 Ill. 2d 264, 269; *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 360.) Rather, an employee is totally disabled when he cannot perform any services except those which are so limited in quantity, dependability or quality that there is no reasonably stable market for them. *Inland Robbins Construction Co. v. Industrial Com.* (1980), 78 Ill. 2d 271, 275; *Gates Division, Harris-Intertype Corp. v. Industrial Com.* (1980), 78 Ill. 2d 264, 269; *C. R. Wikel, Inc. v. Industrial Com.* (1977), 69 Ill. 2d 273, 278.

The extent or permanency of the employee's medical disability is a question of fact, and the Commission's determination will not be set aside unless against the manifest weight of the evidence. (*Gates Division, Harris-Intertype Corp. v. Industrial Com.* (1980), 78 Ill. 2d 264, 270; *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 361.) In its memorandum opinion, the circuit court, which reversed the Commission's finding of total and permanent disability, discounted Dr. Rivero's opinion that claimant was totally and permanently disabled. The court did so solely because there was no evidence that either of Dr. Rivero's examinations of claimant was for the purpose of treatment, and that none of the treating physicians stated that claimant was totally and permanently disabled. There is no requirement, however, that the Commission give greater weight to testimony of treating physicians than to that of a physician who has examined the employee solely for the purpose of testifying. Moreover, the medical evidence introduced by respondent was not necessarily inconsistent with the Commission's finding. Dr. Petersen's report introduced by respondent noted claimant's continuing pain following surgery, and, according to claimant, further surgery was scheduled. The only other post-operative medical evidence introduced came from Dr. Rivero. Thus, even if the Commission believed that claimant was not totally and permanently

disabled prior to his back surgery, it could reasonably have concluded from the evidence of claimant's condition following surgery, and from the nature of his employment, his age, training, capabilities and unsuccessful attempts to find work, that claimant had become totally and permanently disabled. (See *Inland Robbins Construction Co. v. Industrial Com.* (1980), 78 Ill. 2d 271, 275-76; *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 362.) Respondent made no attempt to show what work, if any, within claimant's limited capacity, was reasonably available. *Inland Robbins Construction Co. v. Industrial Com.* (1980), 78 Ill. 2d 271, 276; *E. R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 362-63.

The Commission's determination that claimant was totally and permanently disabled was not against the manifest weight of the evidence, and should not have been set aside. Accordingly, the judgment of the circuit court is reversed and the award is reinstated.

*Judgment reversed;*
*award reinstated.*