CONTOUR DESIGNS, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Stephen Chamineak, Appellee).

Fifth District (Industrial Commission Division)   No. 5—93—0312WC

Opinion filed January 19, 1994.

R. Kent Schultz, of Holtkamp, Liese, Beckemeier & Childress, P.C., of St. Louis, Missouri, for appellant.

T. Fritz Levenhagen, of Nelson, Bement, Stubblefield & Levenhagen, of Belleville, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent employer Contour Designs, Inc., appeals from an order of the circuit court of St. Clair County confirming the decision of the Illinois Industrial Commission (Commission) awarding claimant Steven Chamineak $457.33 per week for life as compensation for his total and permanent disability. (Ill. Rev. Stat. 1991, ch. 48, par. 138.8(f).) The claimant was also awarded $2,127 for necessary first aid, medical, surgical, and hospital bills and $766.99 for travel expenses. Ill. Rev. Stat. 1991, ch. 48, par. 138.8(a).

The only issue raised on appeal is whether the Commission's finding of permanent total disability (PTD) was against the manifest weight of the evidence. We affirm.

In its decision, the Commission adopted the findings of the arbitrator. On July 28, 1988, claimant was working for respondent as a roofer. On that day, he experienced a fall of about 40 feet through a hole in a roof. As a result, claimant incurred multiple facial lacerations, a broken nose, a comminuted fracture of the right patella, a fracture of the right femur, and a fracture of the left calcaneus. He was subsequently diagnosed with a torn right medial meniscus, osteopenia of the left foot and ankle, myofascial pain syndrome, struc-

tural deformity of the right leg, instability of the lumbar spine, nerve irritation, paralumbar muscle spasm, and chronic sacroiliitis secondary to structural deformity of the right leg. His right leg no longer had a knee cap. It was also 1½ inches shorter than the left leg. The difference in the legs affected his back. Claimant has been in constant pain since the accident. His leg was weak, gave out, and required the use of a brace. He used a cane for walking and could tolerate sitting for only about 45 minutes and then only with the right leg extended. His right leg could not be fully flexed or extended. He could stand without the use of a cane for 5 to 10 minutes, and with a cane for 15 to 20 minutes. He had difficulty driving and had handicap license plates. He had great difficulty sleeping at night due to discomfort. His back and hips caused pain radiating to the right leg. At times, the left foot and ankle became so swollen and painful that he could bear no weight on the left lower extremity.

■ In *Ceco Corp. v. Industrial Comm'n* (1983), 95 Ill. 2d 278, 286-87, 447 N.E.2d 842, 845-46, the Illinois Supreme Court stated:

"This court has frequently held that an employee is totally and permanently disabled when he 'is unable to make some contribution to the work force sufficient to justify the payment of wages.' (*E.g., Gates Division, Harris-Intertype Corp. v. Industrial Com.* (1980), 78 Ill. 2d 264, 268[, 399 N.E.2d 1308]; *Arcole Midwest Corp. v. Industrial Com.* (1980), 81 Ill. 2d 11, 15[, 405 N.E.2d 755].) The claimant need not, however, be reduced to total physical incapacity before a permanent total disability award may be granted. (*Interlake, Inc. v. Industrial Com.* (1981), 86 Ill. 2d 168, 176[, 427 N.E.2d 103]; *Inland Robbins Construction Co. v. Industrial Com.* (1980), 78 Ill. 2d 271, 275[, 399 N.E.2d 1306].) Rather, a person is totally disabled when he is incapable of performing services except those for which there is no reasonably stable market. (*A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, 487[, 397 N.E.2d 804].) Conversely, an employee is not entitled to total and permanent disability compensation if he is qualified for and capable of obtaining gainful employment without serious risk to his health or life. (*E.R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 362[, 376 N.E.2d 206].) In determining a claimant's employment potential, his age, training, education, and experiences should be taken into account. *A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, 489[, 397 N.E.2d 804]; *E.R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 362[, 376 N.E.2d 206]."

In considering the propriety of a permanent and total disability award, this court recently stated:
'*** [O]nce the employee has initially established that he falls in what has been termed the "odd-lot" category (one who, though not altogether incapacitated for work, is so handicapped that he will not be employed regularly in any well-known branch of the labor market (2 A. Larson, Workmen's Compensation sec. 57.51, at 10—164.24 (1980)), then the burden shifts to the employer to show that some kind of suitable work is regularly and continuously available to the claimant (2 A. Larson, Workmen's Compensation sec. 57.61, at 10—164.97 (1980)).' (Emphasis added.)"
If the employee is qualified for and capable of obtaining gainful employment without serious risk to his health or life, even if he does not obtain such work, then he is not entitled to PTD compensation. (*Reynolds v. Industrial Comm'n* (1986), 151 Ill. App. 3d 695, 697, 502 N.E.2d 1178, 1179.) The determination of the Commission as to PTD will be upheld unless it is contrary to the manifest weight of the evidence. *Ceco*, 95 Ill. 2d at 288, 447 N.E.2d at 846.

The arbitrator specifically found (1) claimant was in the "odd lot" category, (2) he met his burden of proof that no reasonably stable labor market existed for persons in his circumstances, and (3) respondent failed to prove that such work existed on a regular and continuous basis. The arbitrator also found that further vocational rehabilitation was inappropriate. At the request of respondent, claimant underwent extensive vocational rehabilitation with Intracorp, Inc., beginning in February 1989.

On appeal, respondent does not contend that claimant was not injured as a result of the accident of July 28, 1988. Indeed, respondent does not contend claimant is not disabled or that the disability is not permanent. Respondent only contests the finding that the disability is *total*, suggesting that the cause be remanded for a determination of the extent of the claimant's permanent *partial* disability.

Dorothy Hunt of Intracorp opined that claimant could do light-duty factory work, but she also testified that he was cooperative with the rehabilitation effort and responded to over 270 job openings. No employment was located for claimant within the restrictions set by Dr. Richard Lehman, and in fact no job offers were made.

Respondent relies on the opinion of Lehman that claimant did not need to use the cane and leg brace and suggests that claimant sabotaged the efforts to find a job for him by wearing the brace and using

the cane on job interviews. However, the arbitrator, in reviewing the evidence, did not accept Lehman's opinion and stated as follows:

"Respondent contends that Petitioner is not totally permanently disabled based on the reports of Dr. Lehman who returned Petitioner to work with a 75-pound lifting restriction according to his report of July 9, 1991. This is in direct conflict with the testimony of Douglas Cole of the Cole Center to whom Dr. Lehman referred Petitioner for a work capacity evaluation. The assessment for Petitioner at the Cole Center showed maximum lifting ability of 30 pounds to the waist, 35 pounds to the shoulders and 35 pounds to overhead on an infrequent basis. Petitioner was unable to lift from the floor due to difficulties squatting and kneeling. Occasional lifting was projected to be 20-25 pounds. Petitioner was able to retrieve objects under 10 pounds from the floor using forward trunk bending and one-hand retrieval. The assessment recommends utilization of the cane for ambulation, restricted walking, stair-claiming [sic], and ladder-climbing, and no squatting and kneeling. Petitioner experienced weakness and shaking after walking 500 feet without the cane. Dr. Lehman contends Petitioner does not need the cane. This conflicts with other medical opinions in the record as well. Dr. Shively evaluated Petitioner on behalf of Respondent and states in his report of September 27, 1989, 'In short, I doubt whether Mr. Chamineak will ever be employable at anything other than extremely sedentary tasks.' (P Ex 8) The Cole Center report states that Petitioner met the criteria for sedentary and light-work demand levels. However, the potential functional ability with rehabilitation in both categories was guarded."

A review of the record reveals the arbitrator's statement is supported in the evidence presented. Although respondent questions the claimant's sincerity in seeking employment, the Commission found the evidence credible and we are not at liberty to make a contrary finding simply because we might have found differently as fact finder.

■ At the time of the accident, petitioner was 31 years of age, was married, and had one child under 18 years of age. He graduated from high school with an average grade of "D." After high school, he worked at Learning Products assembling toys and loading and unloading trucks. In this job, he lifted objects weighing as much as 100 pounds. After that, he worked at Angelica Uniform as a shipping clerk and forklift mechanic. On occasion, he had to lift over 100 pounds on that job also. Next, he worked for Performance Roofing

Company. He worked there for five years and then went to work for respondent. As a journeyman roofer, his job often involved lifting over 50 pounds. Climbing was also involved.

Dr. David Howell, claimant's family physician, although not an orthopedic specialist, disagreed with the limitations in the Cole Center report based on his own observations of claimant. Howell opined that claimant was permanently, totally disabled as a result of the July 1988 accident. Dr. Robert A. Shively, an orthopedic surgeon, issued a report which included the language quoted above by the arbitrator. Dr. Thomas Gleason, who performed the surgery on claimant and sent him to C.H. Health Technologies for physical therapy from July 1988 through June 1989, stated in a January 26, 1989, report that claimant could only perform sedentary work. Sam Bernstein, a psychologist and vocational expert to whom claimant was referred by his attorney, stated in his evidence deposition of September 16, 1991, that, after reviewing the medical records and observing, interviewing, and testing the claimant, it was his opinion that claimant was unemployable in the labor market given his age, education, work history, and medical and psychological condition.

The claimant met his burden in proving odd lot. The record shows no reasonably stable labor market existed for persons in his circumstances, and respondent did not prove that such work existed on a regular and continuous basis. The decision of the Commission adopting the findings of the arbitrator is not against the manifest weight of the evidence.

Taken with the case was claimant's motion for attorney fees on the ground that the appeal is frivolous under Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)). Respondent filed objections to the motion. The motion for sanctions is denied.

For the foregoing reasons, the order of the circuit court of St. Clair County confirming the decision of the Commission is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, SLATER, and RARICK, JJ., concur.