364 So.2d 89 (1978)
Norman SEGAL, Appellant,
v.
ARROW INDUSTRIES CORPORATION, Appellee.
No. 77-2580.
District Court of Appeal of Florida, Third District.
November 14, 1978.
Chonin & Segor and Marilyn Sher, Coral Gables, for appellant.
Virgin, Whittle, Garbis & Gilmour, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The plaintiff filed a complaint seeking damages from his employer claiming a right of action for being wrongfully discharged from his employment where his employment was terminated because he filed a *90 claim for workman's compensation benefits. The trial court dismissed the complaint, and we affirm.
Plaintiff admits that no Florida case supports a cause of action for retaliatory discharge of private employment where, as here, the employment was oral and terminable by either the employer or the employee at any time. Nevertheless, plaintiff asserts that the cause of action should exist and relies upon the reasoning in Frampton v. Central Indiana Gas Company, 60 Ind. 249, 297 N.E.2d 425 (1973);[1] and Sventko v. Kroger Company, 69 Mich. App. 644, 245 N.W.2d 151 (1976).[2] We decline to follow the reasoning of these cases and affirm upon authority of DeMarco v. Publix Super Markets, Inc., 360 So.2d 134, 136 (Fla.3d DCA 1978), and cases cited thereat.
Affirmed.
NOTES
[1] "Retaliatory discharge for filing a workmen's compensation claim is a wrongful, unconscionable act and should be actionable in a court of law. Although, we know of no other cases in this or in any other jurisdiction holding that such a discharge is actionable, there has been a parallel development in landlord and tenant law. Courts in several jurisdictions have held that `retaliatory evictions' offend public policy." 297 N.E.2d 425 at 428.
[2] * * * * *
"[W]hile it is generally true that either party may terminate an employment at will for any reason or for no reason, that rule is not absolute. It is too well-settled to require citation that an employer at will may not suddenly terminate the employment of persons because of their sex, race, or religion. Likewise, the better view is that an employer at will is not free to discharge an employee when the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state." 245 N.W.2d 151 at 153.