476 So.2d 1327 (1985)
Bob M. HARTLEY, Appellant,
v.
OCEAN REEF CLUB, INC., Appellee.
No. 85-749.
District Court of Appeal of Florida, Third District.
October 1, 1985.
Rehearing Denied November 4, 1985.
*1328 Chonin & Sher and Neil Chonin, Coral Gables, for appellant.
Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey and Larry A. Stumpf and Victoria L. Baden, Miami, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
Plaintiff appeals the order dismissing his complaint for failure to state a cause of action. We affirm.
Accepting the allegations in the complaint as true, the facts are as follows. The plaintiff was an at-will employee of the defendant, the Ocean Reef Club, Inc. (Ocean Reef). In his capacity as Executive Director of Utilities for Ocean Reef, the plaintiff was in charge of a reverse-osmosis water plant and several sewage treatment facilities owned and operated by Ocean Reef. While in his position as Executive Director, the plaintiff became aware of "existing violations of Federal and State environmental Statutes and regulations." The plaintiff consistently reported these violations to his supervisors and urged their correction. Ocean Reef responded by threatening to discharge the plaintiff. Finally, the plaintiff refused to build or order his workers to construct or plan any facilities without proper government approval. Soon thereafter, the plaintiff was discharged from employment by Ocean Reef.
The plaintiff brought the present action seeking compensatory and punitive damages from Ocean Reef for "wrongful discharge." The plaintiff alleged that he was discharged solely because he refused to participate in Ocean Reef's criminal activity. See § 403.161, Fla. Stat. (1983). On Ocean Reef's motion, the trial court dismissed the cause for failure to state a cause of action.
The plaintiff concedes that no Florida court has recognized a cause of action for retaliatory discharge of an at-will employee. The established rule in Florida is that when the term of employment is discretionary or indefinite, either party may terminate the employment at any time for any reason or no reason without assuming any liability. See Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983); Segal v. Arrow Industries Corp., 364 So.2d 89 (Fla. 3d DCA 1978); DeMarco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1123 (Fla. 1979), aff'd, 384 So.2d 1253 (Fla. 1980). Nevertheless, the plaintiff would have this court create an exception to this rule in the form of a tort for retaliatory discharge where the reason for the discharge is an intention on the part of the employer to contravene the public policy of this state.
We acknowledge that several jurisdictions have created such a tort on the basis of "public policy." See Palmateer v. International Harvester Co., 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981) (when employee's discharge contravenes a clear mandate of public policy, the employer committed a legal wrong and the employee can maintain an action in tort for retaliatory discharge); Sventko v. Kroger Co., 69 Mich. App. 644, 245 N.W.2d 151 (1976) (an employer at will is not free to discharge an employee when the reason for discharge is an intention to contravene public policy); Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 417 A.2d 505 (1980) (employee at will has a cause of action in tort or contract for wrongful discharge when the discharge is contrary to a clear mandate of public *1329 policy, the sources of which include: legislation; administrative rules, regulations or decisions; judicial decisions; and, in certain cases, professional codes of ethics). In fact, some of the cases are factually similar to the present case. See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 427 A.2d 385 (1980) (quality control director who was hired as an at-will employee and who alleged that he had been discharged in retaliation for his insistence that his employer comply with requirements of the Food, Drug, and Cosmetic Act, sufficiently stated a cause of action in tort for wrongful discharge); Trombetta v. Detroit, Toledo & Ironton Railroad, 81 Mich. App. 489, 265 N.W.2d 385 (1978) (where former at will railroad employee alleged that he had been discharged from employment in violation of public policy in that he was terminated after he refused to alter pollution control reports that were to be filed with the state, such allegations were sufficient to state a cause of action). Nevertheless, Florida courts have consistently and expressly refused to adopt this new tort theory. See Smith, 427 So.2d at 184; Segal, 364 So.2d at 90.
As one court has recognized, the creation of a cause of action for retaliatory firing of an at-will employee would abrogate the inherent right of contract between employer and employee. Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130 (Ala. 1977). It would overrule longstanding Florida law and create uncertainty in present employer-employee relationships as to the rights of the parties involved. This would be contrary to one of the basic functions of the law which is "to foster certainty in business relationships." Muller v. Stromberg Carlson Corp., 427 So.2d 266, 270 (Fla. 2d DCA 1983).
Furthermore, the foundation underlying the cause of action for retaliatory discharge advanced by the plaintiff, "intent which is contrary to public policy," is too vague a concept to justify the judicial creation of such a new tort. Hinrichs. The determination of what constitutes public policy, or which of competing public policies should be given precedence, is a function of the legislature. Martin v. Platt, 179 Ind. App. 688, 386 N.E.2d 1026 (1979) (court declining to create a common law cause of action in tort for wrongful discharge, leaving the creation of such an action to the legislature). It follows that a significant change in the law such as the creation of a cause of action for retaliatory or wrongful discharge in this state is best left to the legislature. Accord Hinrichs; Martin; Murphy v. American Home Products Corp., 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983). In that regard, we approve of the observations and comments of the New York high court in Murphy:
Those jurisdictions that have modified the traditional at-will rule appear to have been motivated by conclusions that the freedom of contract underpinnings of the rule have become outdated, that individual employees in the modern work force do not have the bargaining power to negotiate security for the jobs on which they have grown to rely, and that the rule yields harsh results for those employees who do not enjoy the benefits of express contractual limitations on the power of dismissal. Whether these conclusions are supportable or whether for other compelling reasons employers should, as a matter of policy, be held liable to at-will employees discharged in circumstances for which no liability has existed at common law, are issues better left to resolution at the hands of the Legislature. In addition to the fundamental question whether such liability should be recognized in [this state], of no less practical importance is the definition of its configuration if it is to be recognized.
Both of these aspects of the issue, involving perception and declaration of relevant public policy (the underlying determinative consideration with respect to tort liability in general ...) are best and more appropriately explored and resolved by the legislative branch of our government. The Legislature has infinitely greater resources and procedural means *1330 to discern the public will, to examine the variety of pertinent considerations, to elicit the views of the various segments of the community that would be directly affected and in any event critically interested, and to investigate and anticipate the impact of imposition of such liability. Standards should doubtless be established applicable to the multifarious types of employment and the various circumstances of discharge. If the rule of non-liability for termination of at-will employment is to be tempered, it should be accomplished through a principled statutory scheme, adopted after opportunity for public ventilation, rather than in consequence of judicial resolution of the partisan arguments of individual adversarial litigants.
Additionally, if the rights and obligations under a relationship forged, perhaps some time ago, between employer and employee in reliance on existing legal principles are to be significantly altered, a fitting accommodation of the competing interests to be affected may well dictate that any change should be given prospective effect only, or at least so the Legislature might conclude. [citations omitted]
448 N.E.2d at 89-90.
For the reasons stated, we hold that a common law cause of action for retaliatory or wrongful discharge does not exist in Florida. See Smith, 427 So.2d at 184; Segal, 364 So.2d at 90; DeMarco, 360 So.2d at 136, aff'd, 384 So.2d 1253. Aggrieved at-will employees must await legislative action before bringing such suits before the courts.[1] Accordingly, the order under review which dismissed plaintiff's cause for failure to state a cause of action is
Affirmed.
NOTES
[1] We note that the legislature has already responded to Segal by enacting section 440.205, Florida Statutes (1983). See ch. 79-40, § 17, Laws of Fla. This section creates a statutory cause of action for a wrongful discharge in retaliation for an employee's pursuit of a workers' compensation claim, which action is cognizable in a court of competent jurisdiction. See Smith, 427 So.2d at 183-84. The legislature has also provided for civil actions in other employment-related areas. See, e.g., § 40.271, Fla. Stat. (1983) (for discharge because of service on a jury); § 112.042, Fla. Stat. (1983) (for discharge or discrimination by county or municipal employer on basis of race, color, sex, religious creed or national origin); § 112.044, Fla. Stat. (1983) (for discharge or discrimination by state or any subdivision on basis of age); § 760.10, Fla. Stat. (1983) (for discharge or discrimination by employer on basis of race, color, religion, sex, national origin, age, handicap or marital status). See also § 447.17, Fla. Stat. (1983) (action for discrimination based on membership in labor union); § 448.07, Fla. Stat. (1983) (action for wage discrimination on basis of sex). To date, however, the legislature has not created a statutory action for wrongful discharge in general, nor a specific action under chapter 403, Florida Statutes (Florida Air and Water Pollution Control Act), for employees, like the plaintiff herein, who are discharged for refusing to commit unlawful acts under that chapter.