499 So.2d 68 (1986)
Robert T. McCONNELL, Appellant,
v.
EASTERN AIR LINES, INC., Appellee.
No. 86-937.
District Court of Appeal of Florida, Third District.
December 30, 1986.
*69 Gilmour, Morgan & Rosenblatt, Miami, for appellant.
Thornton, David & Murray and Kathleen M. O'Connor, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This is an appeal from a final order dismissing a three-count complaint seeking damages based on the employment termination of an "at will" employee. We affirm based on the following briefly stated legal analysis.
The first count of the complaint fails to state a cause of action for breach of an oral employment contract because the subject employment contract has no definite term of duration and thus was terminable at the will of either party. Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983); Wynne v. Ludman Corp., 79 So.2d 690 (Fla. 1955); Hartley v. Ocean Reef Club, Inc., 476 So.2d 1327, 1330 (Fla. 3d DCA 1985); Segal v. Arrow Industries Corp., 364 So.2d 89, 90 (Fla. 3d DCA 1978); DeMarco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), aff'd, 384 So.2d 1253 (Fla. 1980). This result is not changed by the fact that the defendant employer [Eastern Air Lines, Inc.] allegedly issued various letters, executive memoranda, and employee handbooks assuring its employees that they would not be terminated without just cause  as such unilateral policy statements cannot, without more, give rise to enforceable contract rights. Muller v. Stromberg Carlson Corp., 427 So.2d 266, 270 (Fla. 2d DCA 1983).
The second count of the complaint fails to state a cause of action for fraud because the element of detrimental reliance is totally missing based on the fact pattern alleged in the complaint. See Tippett v. Frank, 238 So.2d 671, 673 (Fla. 3d DCA 1970); Bibb v. Bickford, 149 So.2d 592, 594 (Fla. 1st DCA 1963). The final count of the complaint fails to state a cause of action for intentional infliction of emotional distress as the alleged conduct sued upon is not so outrageous as to be regarded as atrocious and utterly intolerable in a civilized society  one of the essential elements of the tort. See Metropolitan Life Insurance Co. v. McCarson, 467 So.2d 277 (Fla. 1985); Ponton v. Scarfone, 468 So.2d 1009, 1011 (Fla. 2d DCA 1985); Dowling v. Blue Cross of Florida, Inc., 338 So.2d 88, 89 (Fla. 1st DCA 1976).
Affirmed.