# SCHENK v SOUTHEAST BANKING CORPORATION

## Case No. 89-04252-09

Seventeenth Judicial Circuit, Broward County

March 30, 1990

## OPINION OF THE COURT

ROBERT J. FOGAN, Circuit Judge.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS CAUSE having come before the Court upon Defendant's, Southeast Bank's, Motion to Dismiss the Complaint and the Court

having heard argument of Counsel, reviewed the file and being fully advised in the premises hereby finds:

1. Plaintiff, Heather M. Schenk, has filed a four count complaint alleging RICO violations, violations of Florida Criminal. Practices Act, wrongful discharge, and violations of the Florida Whistle Blower's Act. Schenk alleges that she was employed by the Defendant as a banking officer for a period of less than sixty days (from December 29, 1986 to February 20, 1987). During this period, Ms. Schenk became aware of what she believed were improper and inaccurate accounting procedures practiced by Southeast Bank, which were in violation of federal law and constituted mail fraud. These alleged practices caused the Defendant's employees loss of overtime compensation. Ms. Schenk does not allege that she was deprived overtime compensation or even that she was entitled to overtime compensation. Ms. Schenk alleges that as a result of her refusal to participate in and disclosure of the aforementioned activities, Southeast Bank terminated her employment.

2. Defendant initially removed this action to the United States District Court for the Southern District of Florida. A Final Order was issued dismissing the Plaintiff's Count alleging RICO violations and remanding the remaining three counts to this Court. Defendant now moves to dismiss the remaining three counts, which are discussed below.

3. In Count II, Schenk brings an action pursuant to the Florida Civil Remedies for Criminal Practices Act, F.S.A. § 772 *et seq.* The Act states in pertinent part:

> Any person who proves by clear and convincing evidence that he has been injured *by reason of* any violation of the provisions of § 772.103 shall have a cause of action . . . F.S.A. Sec. 772.104. (emphasis added).

4. The Florida Act is similar to the federal RICO statute, which was thoroughly addressed in the District Court's Order dismissing Count I. The issue deserving discussion on the motion to dismiss Count II is whether Schenk has standing to pursue an action under F.S.A. § 772.104. Pursuant to the statute, Schenk has alleged that her injuries resulted from the violations of the provisions of § 772.103. The four corners of the complaint allege an injury to Schenk, but that injury was indirectly caused by a violation of F.S.A. § 772.103. Schenk was not injured by Defendant's alleged illegal practices. Schenk was injured because she refused to participate in those practices. Schenk was injured because she refused to participate in those practices. The Defendant, in reliance on court interpretations of the similar federal

**215**

RICO statutes, maintains that no cause of action is stated because Schenk is not injured "by reason of" any violation of § 772.103. This Court knows of no Florida cases which discuss these circumstances. However, federal circuit courts, although divided on this issue, can provide guidance in interpreting the Florida Statute.

5. The Eleventh Circuit Court of Appeals recently discussed the import of the words "by reason of" as applied to a RICO action for wrongful discharge of employment. In *O'Malley v O'Neill,* 886 F.2d 1557 (11th Cir. 1989), the plaintiffs were terminated from their employment because they refused to participate in or conceal a mail fraud scheme. The Court held that the plaintiffs did not have standing to bring the action inasmuch as their injury, loss of employment, was not directly caused by the mail fraud scheme. They were injured because they refused to participate in the scheme. The language "by reason of" imposes a proximate causation requirement on the plaintiffs. The plaintiff must prove that the conduct constituting the violation caused injury to his business or property. See *O'Malley,* 887 F.2d at 1561.

6. On the other hand, the Eighth Circuit Court of Appeals has held that indirect injury is sufficient to confer standing under the RICO statutes. *Terre Du Lac Ass'n., Inc. v Terre Du Lac, Inc.,* 772 F.2d 467, 473 (8th Cir. 1985) *cert. denied,* 475 U.S. 1082 (1986). In that case, a property owners association brought an action against the developers of their property and alleged in part that the developer's mail fraud injured the association by causing the cost of maintaining the roads to increase. The court stated that even though the association was not the target of the racketeering activity and even though the association only alleged that it suffered indirect injury, the association had standing to pursue a RICO action. The court based its decision on *Sedima S.P.R.L. v Imrex Co.,* 473 U.S. 479 (1985), citing that a plaintiff has standing if he has been injured in his business or property by the conduct constituting the violation. See also, *Komm v McFliker,* 662 F.Supp. 924 (W.D. Mo. 1987), where a discharged employee brought an action against his employer for wrongful discharge and RICO violations, and the court found that the employee had standing even though the RICO violations indirectly harmed the employee.

7. Unlike the federal statute, Florida does not limit compensable injuries to only business and property. Florida broadens the scope of its Act by simply allowing recovery for injury. However, both statutes require that the person be injured *by reason of* any violation of the provisions of the respective statutes. Under the Florida Act, the causation element, "by reason of," has not been limited by the legislature or Florida courts to only direct injuries. As set forth above,

216

even the federal courts are split on the causation requirements of the similar federal RICO statute. Considering the broader scope of the Florida's Criminal Practice Act, the better rule in Florida is to allow coverage for indirect injuries caused by reason of the prohibited activities.

8. The Florida statute is designed to deter and stop the types of illegal practices alleged in this case. Ms. Schenk's use of the Florida Act as a means of recovery for the loss of her job should have the desired effect of stopping or at least deterring the Defendant from committing the alleged illegal activities. The Plaintiff in this case has sufficiently alleged facts to confer standing, even though the Defendant's mailing of false reports indirectly caused her to lose her job. Her refusal to participate in the Defendant's alleged scheme would not be the cause of Schenk's termination if the scheme was nonexistent in the first place. Since Defendant terminated an employee who allegedly disclosed and refused to participate in illegal practices, the discharge of Ms. Schenk assisted Defendant's alleged scheme. Consequently, Ms. Schenk has alleged the causal nexus that is required by the Florida Statute.

9. As to Count III, Ms. Schenk alleges a claim for retaliatory discharge. Inasmuch as no employment contract between Ms. Schenk and Southeast Bank is alleged, Ms. Schenk is an at will employee. Although contrary to the rule of law in a majority of states, Florida does not recognize a cause of action for retaliatory or wrongful discharge of at will employees. According to Florida law, Ms. Schenk has failed to state a cause of action and Count III must be dismissed. See *Hartley v Ocean Reef Club, Inc.,* 476 So.2d 1327 (Fla. 3d DCA 1985). Considering Florida is in conflict with the majority of states, this issue has a great effect on the proper administration of justice in Florida. Furthermore, in light of the growing litigation between employers and employees, this issue is of great public importance and should have appellate review.

10. In Count IV, Ms. Schenk attempts to state a claim for violations of Florida's Whistle Blower's Act, F.S.A. § 112.3187. The Act requires that information disclosed shall be disclosed to any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act. Ms. Schenk fails to allege in Count IV that she disclosed the information to any agency or federal government entity. Therefore, Count IV must be dismissed without prejudice.

Based on the foregoing, it is

**217**

ORDERED AND ADJUDGED that

DEFENDANT'S Motion to Dismiss is DENIED in part and GRANTED in part:

1. DEFENDANT'S Motion to Dismiss Count II is DENIED,

2. DEFENDANT'S Motion to Dismiss Count III is GRANTED and Count III is dismissed with prejudice,

3. DEFENDANT'S Motion to Dismiss Count IV is GRANTED and Count IV is dismissed without prejudice, and PLAINTIFF shall have ten days leave to amend.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, on this 30th day of March, 1990.