[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12395
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-81117-KLR

MIRIAM CRISMAN,

Plaintiff-Appellee,

versus

FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 24, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Florida Atlantic University Board of Trustees ("FAU") appeals the district

judge's denial of their motion to dismiss complaint allegations of violation of the

Florida Age Discrimination in Employment Act ("FL-ADEA"), Fla. Stat. §

112.044.  Because we conclude FAU is entitled to Eleventh Amendment

immunity, we vacate and remand with instructions for the district judge to dismiss

that claim of the complaint.

## I. BACKGROUND

In October 2012, Miriam Crisman, a 56-year-old white female, sued her

former employer, FAU, in federal court in the Southern District of Florida.  She

alleged gender and race discrimination under Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e-2(a), and age discrimination under the FL-ADEA, Fla.

Stat. § 112.044.  After she had served over 29 years of employment, she contended

FAU had fired her for financial reasons.  Although she purports to be substantially

more qualified, Crisman alleges FAU had retained and transferred into her position

a much younger black male.

FAU moved to dismiss Crisman's FL-ADEA, age-discrimination claim and

argued FAU was an agency or instrumentality of the State of Florida, which barred

the claim under Eleventh Amendment immunity.  It asserted section 112.044 of the

Florida Statutes did not include an explicit and definite waiver of the State's

immunity from suit in federal court, as required by federal law and section

768.28(18) of the Florida Statutes.  Crisman responded the plain language of FL-

ADEA provided she could bring an action in "any court of competent jurisdiction,"

2

Fla. Stat. § 112.044(4), which included federal courts.  She also argued FAU's reference to section 768.28(18) was misplaced, because Chapter 768 concerns only tort claims.

The district judge denied FAU's motion to dismiss and found the plain meaning of the section 112.044 operative language, "in any court of competent jurisdiction," clearly indicated Florida's intent to be subject to suit in federal court. R at 198.  The judge noted the adjective "any" negated the conclusion Florida had limited its consent to suit solely in its courts.  R at 198.  The judge also stated the language of section 112.044(4)—"in any court of competent jurisdiction"— answered not only whether the State consented to suit, but also where the State consented to suit, and Florida had consented to suit in any court.  R at 201.  The judge further noted FAU's references to section 768.28 were inapposite.

On interlocutory appeal, FAU argues it was entitled to Eleventh Amendment immunity on Crisman's FL-ADEA claim, Count III.[1]  Therefore, FAU contends the district judge's denial of sovereign immunity under FL-ADEA was error.

## II. DISCUSSION

We review issues of Eleventh Amendment immunity de novo.  *United States v. Ala. Dep't of Mental Health & Mental Retardation*, 673 F.3d 1320, 1324 (11th

---

[1] The denial of a claim of Eleventh Amendment immunity is immediately appealable under the collateral order doctrine.  *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-47, 113 S. Ct. 684, 687-89 (1993).

Cir. 2012).  The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Supreme Court has construed the Eleventh Amendment "to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state."  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S. Ct. 1868, 1872 (1990) (citations and internal quotation marks omitted).  The Eleventh Amendment bar to suit, however, is not absolute, because states may consent to suit in federal court, and Congress may abrogate states' sovereign immunity.  *Id.*

A state waives its Eleventh Amendment immunity "only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction."  *Id.* at 305, 110 S. Ct. at 1873 (citations, internal quotation marks, and alterations omitted).  A state does not waive its sovereign immunity only by consenting to suit in its own courts, "and thus, in order for a state statute . . . to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*."  *Id.* at 306, 110 S. Ct. at 1873 (citations, internal quotation marks, and alteration omitted).

4

A state does not consent to suit in federal court merely by stating its intention to sue and be sued, "or even by authorizing suits against it *in any court of competent jurisdiction*." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676, 119 S. Ct. 2219, 2226 (1999) (emphasis added) (quoting *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 575, 578-79 & n.1, 66 S. Ct. 745, 746-48 & n.1 (1946)) (internal quotation marks omitted). Such ambiguous and general consent-to-suit provisions, standing alone, are insufficient to waive Eleventh Amendment immunity. *See Feeney*, 495 U.S. at 306, 110 S. Ct. at 1873 (holding a statute providing for "consent to suits, actions, or proceedings of any form or nature" was ambiguous). Nevertheless, "[o]ther textual evidence of consent to suit in federal courts may resolve that ambiguity and sufficiently [and] clearly establish the scope of the State's more general consent to suit." *Id.* at 306-07, 110 S. Ct. at 1873. In *Feeney*, the Supreme Court determined, although the consent-to-suit provision at issue was ambiguous, the venue provision resolved the ambiguity and expressly stated New York and New Jersey had consented to suit within a "judicial district, established by one of said States *or by the United States*, and situated . . . within the Port of New York District." *Id.* (citations and internal quotation marks omitted) (emphasis added). Additionally, in *Kennecott Cooper*, the Supreme Court's conclusion that the language in a Utah state statute allowing taxpayers to bring an action "in any court of competent

5

jurisdiction" was informed by Utah's explicit language in its other provisions wherein it consented to suit in federal courts. *Kennecott Cooper*, 495 U.S. at 579 & n.8, 110 S. Ct. 748 & n.8.

In *Maynard*, we rejected the argument that a statute allowing a state "to sue and be sued, and to plead and be impleaded in *all* courts of law and equity" constituted a waiver of Eleventh Amendment immunity. *Maynard v. Bd. of Regents of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287-88 (11th Cir. 2003) (quoting Fla. Stat. § 240.205(4)). We concluded, "[g]iven the Supreme Court's emphasis on the breadth and force of Eleventh Amendment immunity, . . . the necessary express consent to suit in federal court [was absent] in this waiver's language." *Id.* at 1288 (footnote omitted). We further stated there was "no meaningful distinction between 'any court' and 'all courts.'" *Id.*

FL-ADEA, section 112.044(4) provides in pertinent part:

> Any person other than an employee who is within the Career Service System established by chapter 110, or any person employed by the Public Employees Relations Commission, who is aggrieved by a violation of this act may bring a civil action *in any court of competent jurisdiction* for such legal or equitable relief as will effectuate the purposes of this act.

Fla. Stat. § 112.044(4) (emphasis added). Chapter 768 of the Florida Statutes generally concerns negligence and other tort actions. Nevertheless, section 768.28(18) of the Florida Statutes provides:

> No provision of this section, *or of any other section of the Florida Statutes*, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court.

Fla. Stat. § 768.28(18) (emphasis added).

The consent-to-suit provision at issue, section 112.044(4), contains language authorizing suit "in any court of competent jurisdiction," but the Supreme Court has held such language is ambiguous and insufficient to indicate a state's intent to be sued in federal court. *See Coll. Sav. Bank*, 527 U.S. at 676, 119 S. Ct. at 2226; *Kennecott Copper*, 327 U.S. at 578-79 & n.1, 66 S. Ct. at 746-48 & n.1. Similarly, we have rejected consent-to-suit provisions providing a state may be sued "in *all* courts of law and equity." *Maynard*, 342 F.3d at 1287-88. Accordingly, the district judge erred by denying FAU's motion to dismiss Crisman's FL-ADEA claim.

In addition, we have found no other textual evidence showing Florida has consented to suit in federal court to resolve FL-ADEA claims. *See Feeney*, 495 U.S. at 306-07, 110 S. Ct. at 1873. Moreover, section 768.28(18) explicitly states no provision of the Florida Statutes may be construed to waive the State's Eleventh Amendment immunity unless the waiver is explicitly and definitely stated to be a waiver of sovereign immunity. *See* Fla. Stat. § 768.28(18). FL-ADEA does not

7

explicitly and definitely state Florida consents to suit in federal court.  *See* Fla.

Stat. § 112.044.  Therefore, FAU is entitled to Eleventh Amendment immunity on

Crisman's FL-ADEA claim.  We vacate the district judge's denial of FAU's

motion to dismiss based on the FL-ADEA and remand with instructions to dismiss

that claim.

**VACATED AND REMANDED.**